The State v. Harris.

73 287
98 446

### THE STATE v. HARRIS, *Appellant.*

1. **Murder in the Second Degree.** The court re-affirms the ruling in *State v. Curtis*, 70 Mo. 594, as to murder in the second degree.

2. **Evidence in Murder Cases.** Evidence is not admissible upon a trial for murder to prove that defendant had once had a difficulty with a person other than the deceased, and had lain in wait to kill him.

3. ———: THREATS. When the evidence shows that at the time of the homicide the party slain made no attempt to execute a threat previously made, and did not seek the difficulty which resulted in his death, and that the accused was the aggressor, the threat will constitute no excuse or justification for the homicide; but it is otherwise when, at the time of the killing, the deceased sought the difficulty, or did any act or said anything which indicated a purpose on his part to execute the threat.

4. **Practice, Criminal**: INDICTMENT: GRAND JURY. It is no objection to an indictment that it was found by a grand jury summoned after the discharge of the regular panel. Acts 1874, p. 99, § 7.

5. ———: ———. The objection that the indictment is not indorsed a true bill, comes too late when made for the first time after verdict.

*Appeal from Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED.

*Dysart & Mitchell* for appellant.

*J. L. Smith*, Attorney General, for the State.

NORTON, J.—The defendant was indicted at the May term, 1879, of the Macon county circuit court, for murder in the first degree, for the killing of Thomas Morgan on the 28th day of May, 1879. He was put upon his trial at the January term, 1880, of said court, and convicted of murder in the second degree, and sentenced to imprisonment in the penitentiary for ten years. Motion for new trial and in arrest of judgment having been overruled, the cause is brought to this court by appeal.

The judgment in this cause must be reversed for error committed in giving for the State the eleventh instruction defining murder in the second degree. Upon a retrial this instruction should be made to conform to the opinion of this court in the case of *State v. Curtis*, 70 Mo. 594.

If upon such trial the evidence tends to show a conspiracy between deceased and Morris to kill defendant, and that in pursuance of such design deceased and Morris were acting together and in concert when Morris drew his pistol, the third instruction on behalf of the State should be modified so as to meet such evidence; in the absence of such evidence, the instruction is proper as given.

The evidence offered to prove statements made by defendant as to his having had a previous difficulty with his brother and lying in wait to kill him, was improperly received. It had no connection with the crime for which defendant was on trial. *State v. Elkins*, 63 Mo. 159.

The above case lays down the rule as to the admissibility of threats made and not communicated, which applies with more force in a case where such threats are communicated. When the evidence clearly shows that at the time of the homicide the party slain made no attempt to execute a threat previously made, and did not seek the difficulty resulting in his death, and that the accused was the ag-

gressor, sought the difficulty and brought it on, such threat would constitute no excuse or justification for the homicide, and the refusal to receive evidence as to such threat would not be error; but it is otherwise when, at the time of the killing, deceased sought the difficulty or did any act or said anything which indicated a purpose on his part to execute such threat.

The objection to the action of the court in ordering another grand jury to be summoned after the discharge of the regular panel, was properly overruled, as the court, under section 7, Laws 1874, page 99, had full power to make such order.

The objection that the indictment on which defendant was tried was not indorsed a true bill, having been made after verdict, came too late, and was properly overruled. *State v. Burgess*, 24 Mo. 381; *State v. Mertens*, 14 Mo. 94. Judgment reversed and cause remanded, in which all concur.