THE STATE v. JEFFERSON, *Appellant.*

1. **Practice, Criminal:** DEFENDANT'S TESTIMONY. Testimony given by the defendant in a criminal case in his own behalf, may be used against him on a subsequent trial.

2. **Witness:** COMPETENCY OF CHILD: PRACTICE IN SUPREME COURT. Where a child under the age of ten years is presented as a witness, and the trial judge, upon personal inspection and oral examination, finds as a fact that the child is competent to testify, such finding will not be reviewed by this court, especially in a case where the examination as made is not preserved in the record.

3. **Dying Declarations.** It is well settled that dying declarations are admissible as such only in cases of homicide, where the death of the declarant is the subject of the charge and the circumstances of the death are the subject of the dying declaration.

4. **Instructions.** The fact that instructions asked by defendant and refused in a criminal case, are lost so that they cannot be examined

by this court, is no ground for reversing a judgment of conviction, especially where it appears that sufficient instructions were given by the court.

*Appeal from Jackson Criminal Court.*—HON. H. P. WHITE, Judge.

AFFIRMED.

*R. J. Haire* for appellant.

*D. H. McIntyre*, Attorney General, for the State.

NORTON, J.—The defendant was indicted for murder in the first degree, at the November term, 1881, of the criminal court of Jackson county, for killing one William Mulholland. He was tried at the January term, 1882, of said court, which resulted in his conviction for murder in the second degree, his punishment being assessed at imprisonment in the penitentiary for life. His motion for new trial being overruled he brings the case to this court on appeal, and assigns for error the action of the court in admitting and rejecting evidence and in giving and refusing instructions.

It is argued by defendant's counsel that the court erred in admitting the evidence of defendant's wife, (she being dead,) given before the justice of the peace on the preliminary examination of defendant, and before the court at Independence on a former trial of defendant, inasmuch as it did not satisfactorily appear that she testified willingly. The question thus presented cannot be considered by us, for the reason that it does not appear from the record that the evidence objected to was admitted or received on the trial, but on the contrary, it is stated expressly in the bill of exceptions that her evidence does not constitute any part of the transcript.

It appears from the bill of exceptions that on a former trial of this cause defendant offered himself as a witness

1. PRACTICE, CRIM-INAL: defendant's testimony. and was examined. The evidence given by him on such trial, after being identified by the stenographer who took and transcribed it, was offered by the State on the last trial. This evidence was objected to as being incompetent. The objection was overruled, and we think properly under the decision of this court in the case of the *State v. Eddings*, 71 Mo. 545, where it was distinctly held that such evidence was competent.

The State offered as a witness Henry Jefferson, a boy under ten years of age. The defendant objected to his introduction on the ground of his age. The statute upon this subject provides that a child under ten years of age, who appears to be incapable of receiving just impressions of the facts respecting which the child is examined or of relating them truly, shall be incompetent to testify as a witness. The record before us discloses the fact that the child was about six years old, and that the trial court, after testing his capacity by a full examination of him, admitted him as a witness. The examination as made is not preserved in the record, it only appearing that upon a full examination he was adjudged to be competent. It has been held by this court in the case of the *State v. Scanlan*, 58 Mo. 204, that when a child under the age of ten years is presented as a witness, and the trial judge, upon personal inspection and oral examination, finds as a fact that the child is competent to testify, that such finding is not subject to review by this court. This was held in a case where the examination made by the judge as to the capacity of the child was fully detailed in the record, and if his finding in such a case is not the subject of review, his finding in cases where the record shows, as in this case, that it was based on a thorough examination which is not detailed nor preserved in the record, most certainly cannot be reviewed, as the presumption will be indulged that his finding was justified by the examination made.

During the progress of the trial defendant offered to

prove by Mrs. Moore the dying declarations of Mrs. Jef-
ferson, the wife of defendant, which evidence
**3. DYING DECLARA-**
**TIONS.**  the court refused to receive, and this action
is complained of as being erroneous.   We are of the opin-
ion that the court did not err in this respect.   Mr Green-
leaf thus states the rule : "It was at one time held by
respectable authorities, that the general principle govern-
ing dying declarations warranted their admission in all
cases civil and criminal, but it is now well settled that they
are admissible, as such, only in cases of homicide where
the death of the deceased is the subject of the charge, and
the circumstances of the death are the subject of the dying
declarations.     *     *     But in thus restricting the
evidence of dying declarations to cases of trial for homi-
cide of the declarant, it should be observed that this ap-
plies only to declarations offered on the sole ground that
they were made *in extremis*."   Greenf. Ev., (2 Ed.) § 156;
1 East P. C., 353.

It also appears that certain instructions asked by de-
fendant were refused; these instructions are not incorpo-
rated in the bill of exceptions for the reason, as therein
**4. INSTRUCTIONS.**   stated, that they were lost.   This does not
constitute a ground for reversal, especially so in a case
where it appears, as it does in the case before us, that the
instructions which were given by the court fully covered
the case as made both by the State and defendant. .

The court, on behalf of the State, gave instructions
for murder in the first and second degree, which it is un-
necessary to advert to further than to say that the instruc-
tions as to murder in the second degree, of which offense
defendant was convicted, were in strict compliance with
the rulings of this court in the cases of *State v. Curtis*, 70
Mo. 594; *State v. Harris*, 73 Mo. 287.   Nine instructions
were given for defendant which put the law of the case to
the jury in as favorable a light as possible for him.   Upon
examination of the whole record, we have discovered noth-

ing which would justify us in interfering with the judgment, and it is hereby affirmed, with the concurrence of all the judges.