### TAYLOR v. THE STATE.

SIMMONS, C. J.    1. To be admissible as part of the res gestæ of a homicide, declarations relative thereto must have accompanied the act or been so nearly connected therewith in time as to be free from all suspicion of device or afterthought.    Penal Code, § 998.    Therefore where two persons are shot at the same time, one dying immediately and the other lingering for more than a week, the dying declarations of the latter are not admissible in evidence as part of the res gestæ of the homicide.

2. Although the persons killed were shot in the same fight or difficulty, the dying declarations of the one are not, as such, admissible in evidence on the trial of the slayer for the murder of the other.    Penal Code, § 1000; Hughes' Crim. Law & Proc. § 104, Gillett's Ind. & Coll. Ev. § 192.

3. A certificate of an officer of the United States army, showing that the accused had been honorably discharged from such army and stating that his character was good, is not admissible in evidence to establish the good character of the accused for peaceableness, or generally.

4. There was sufficient evidence in the record to authorize the court to instruct the jury on the law of voluntary manslaughter.

5. The evidence authorized the verdict, and there was no abuse of discretion in denying a new trial.          *Judgment affirmed.*    *All the Justices concur.*

Argued July 19, — Decided August 9, 1904.

Indictment for murder — conviction of voluntary manslaughter. Before Judge Felton.    Bibb superior court.    June 7, 1904.

*John R. Cooper* and *J. W. Preston,* for plaintiff in error.
*William Brunson, solicitor-general,* contra.