(No. 19776.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN COX, Plaintiff in Error.

*Opinion filed June 20, 1930.*

FARMER, J., dissenting.

JOSEPH R. MARTIN, and EZRA J. CLARK, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, G. RAY SEN-IFT, State's Attorney, GEORGE P. O'BRIEN, and MARSHALL U. FAW, for the People.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

John Cox was indicted in the circuit court of Fulton county for the murder of Marshall Easley. The indictment was based upon the act entitled "An act to punish persons knowingly and willfully selling, bartering or furnishing for beverage purposes wood alcohol, compounds or preparations containing wood alcohol, or any poisonous liquor, which causes death, from its use as a beverage." (Laws of 1923, p. 317; Cahill's Stat. 1927, p. 910; Smith's Stat. 1927,

p. 976). The jury found Cox guilty of murder as charged and fixed his punishment at imprisonment in the penitentiary for twenty-five years. Motions for a new trial and in arrest of judgment were denied, judgment was rendered on the verdict and Cox prosecutes this writ of error for a review of the record.

The plaintiff in error, John Cox, is about thirty-eight years of age and resides in the village of Vermont, in Fulton county. He had sold liquor unlawfully for more than two years. Marshall Easley, the decedent, was a farmer sixty-two years old at the time of his death, and resided about three and one-half miles east of Vermont. On Saturday, March 2, 1929, Easley and his son Keith drove to the village. The son returned home in the afternoon, but the father remained in town. Accompanied by Delbert Onion, Easley went to the home of the plaintiff in error late in the evening, and bought half a gallon of liquor from him. Easley placed the bottle, wrapped in paper, in his automobile, and taking Onion with him, drove home arriving there about one o'clock Sunday morning. About five hours later Easley's wife saw him and in her opinion he was under the influence of liquor. He neither ate nor left the house during the day. In the evening he suffered much pain and died shortly before midnight.

During the six months immediately preceding his death, Easley occasionally bought liquor from the plaintiff in error. The latter admitted that Easley and Onion were at his house about three-quarters of an hour on Saturday evening, March 2, and that he took several drinks of liquor with them, but he asserted that Easley furnished the liquor and that he, the plaintiff in error, had none in his possession.

Lance Heitz and Ben Teel lived in or near Vermont; they were Easley's friends and sometimes drank intoxicants with him. They, too, had bought liquor from the plaintiff in error and its effects upon them were the same as upon Easley. Teel died on March 3, and Heitz on the day fol-

lowing. Autopsies were performed upon the bodies of Easley, Heitz and Teel, and examinations of their stomachs by a chemist disclosed in each case the presence of wood alcohol in a quantity sufficient to cause death. The same chemist analyzed the contents of the bottle which Easley obtained from the plaintiff in error and pronounced the liquid to be wood alcohol.

The plaintiff in error made a motion to quash the indictment, the motion was denied, and it is contended that the trial court erred in its disposition of the motion. The indictment consisted of several counts. Each count was substantially in the language of the statute creating the particular offense and plainly informed the plaintiff in error of the charge made against him. The allegations of the indictment enabled him fully to prepare his defense and could not fail to convey to the jury an understanding of the nature of the offense charged. The indictment was therefore sufficient. (*People* v. *Graves*, 331 Ill. 268; *People* v. *Birger*, 329 id. 352; *People* v. *Tokoly*, 313 id. 177; *People* v. *Connors*, 301 id. 249). Moreover, the indictments in *People* v. *Tokoly*, *supra*, and in this case are substantially alike and the indictment in the former case was sustained. Hence the trial court did not err in overruling the motion to quash the indictment.

A motion was made by the plaintiff in error for a bill of particulars, and complaint is made of the trial court's denial of the motion. In each count of the indictment the offense was alleged with such certainty as to apprise the plaintiff in error of the specific charge made against him. A bill of particulars is not necessary in a criminal case where the indictment informs the defendant of the crime with which he is charged sufficiently to enable him to prepare his defense. (*People* v. *Birger, supra; Gallagher* v. *People*, 211 Ill. 158; *People* v. *Smith*, 239 id. 91). Whether the prosecution shall be required to furnish a bill of particulars in a given case rests in the discretion of the trial court,

and only a clear abuse of that discretion in the denial of a motion for such a bill is error. (*People* v. *Birger, supra; People* v. *Munday,* 280 Ill. 32; *People* v. *Poindexter,* 243 id. 68; *People* v. *Smith, supra; DuBois* v. *People,* 200 Ill. 157). The motion for a bill of particulars in the present case was in its nature a request for a disclosure of the evidence and there was no abuse of discretion in denying the motion.

The contention is made that evidence of sales of liquor by the plaintiff. in error to Easley within six months prior to the latter's death was incompetent. A witness testified that he had taken Easley to the home of the plaintiff in error a number of times during that period and that Easley bought liquor there on practically every one of these occasions. The evidence was not of a single isolated sale of liquor unconnected with the present inquiry, but it tended to prove repeated sales of liquor by the plaintiff in error to Easley and the former's guilt of the crime charged. It was therefore competent. *People* v. *Tokoly, supra; People* v. *Newsome,* 291 Ill. 11.

Among other witnesses, the prosecution called Nettie Heitz, the widow of Lance Heitz, who testified that her husband left their home at 7:30 P. M. on Saturday, March 2, 1929, and returned about 12:30 o'clock Sunday morning with a half-gallon jug and a pint bottle both containing liquor; that he became ill about 4:00 P. M. Sunday, March 3, and complained of pains in his stomach and back, and that he died about 7:00 o'clock Monday evening. The witness further testified that, shortly before her husband's death, he told her three or four times he was going to die; that he had bought the liquor from the plaintiff in error; that he, Easley and Teel had been drinking the liquor, and that he wondered whether the plaintiff in error had put something in it to make him ill. . The contention is made that Heitz's dying declarations were not admissible on the

trial of the plaintiff in error because, it is argued, he was charged with the murder of Easley and not of Heitz, and the circumstances attending the death of Heitz, the declarant, were not pertinent to the present issue. To render dying declarations admissible in evidence they must have been made by the victim in a case of homicide where the death of the declarant is the subject of the charge and where the circumstances of the death constitute the subject of the declarations. (*Simons* v. *People*, 150 Ill. 66; *North* v. *People*, 139 id. 81; *Scott* v. *People*, 63 id. 508). By the great weight of authority such statements or declarations by one person are not competent on the trial of another person for the murder of a third party. (*Brown* v. *Commonwealth*, 73 Pa. St. 321; *State* v. *Westfall*, 49 Iowa, 328; *State* v. *Bohan*, 15 Kan. 407; *Taylor* v. *State*, 120 Ga. 857; *State* v. *Jefferson*, 77 Mo. 136; *State* v. *Simon*, 131 La. 520; *Commonwealth* v. *Smith*, 268 S. W. (Ky.) 346; *Davis* v. *Commonwealth*, 95 Ky. 19; *Holland* v. *State*, 126 Ark. 332; *Johnson* v. *State*, 63 Fla. 16; *State* v. *Fitzhugh*, 2 Ore. 227; *State* v. *Nist*, 66 Wash. 55; *Poteete* v. *State*, 68 Tenn. 261; 3 Wigmore on Evidence,—2d ed.—sec. 1433; 1 McClain's Crim. Law, sec. 425). Accordingly the dying declarations of Heitz, to which his widow testified, should have been excluded. (*People* v. *King*, 276 Ill. 138; *People* v. *Lane*, 300 id. 422; *People* v. *Meisner*, 311 id. 40). Their admission in evidence was prejudicial to the plaintiff in error.

It is contended that the court erred in permitting a chemist to testify that the quantity of wood alcohol which he found in Easley's stomach was sufficient to cause death. The objection is that the witness lacked the requisite qualifications to testify upon the subject and that a doctor of medicine should have been called for that purpose. The witness had made a special study of chemistry, had received the master's and doctor's degrees in that branch of learning and had been the head of the department of chemistry of the Bradley Institute at Peoria for twenty-eight years. Al-

though the witness was not a doctor of medicine, he was clearly qualified to testify concerning the effects of a given quantity of wood alcohol in the human stomach upon human life.

Complaint is made of two instructions given to the jury at the request of the prosecution. The first of these instructions defined involuntary manslaughter. An instruction may properly be given that the accused person may be found guilty of a lesser offense embraced in the crime laid in the indictment if there is evidence on which to base the instruction, even though there is also evidence that the crime charged was committed. (*People* v. *Beil*, 322 Ill. 434; *People* v. *Moore*, 276 id. 392). The crime of manslaughter is embraced in a charge of murder, and while the person accused may be found not guilty of murder, yet he may be convicted of manslaughter if the evidence authorizes it. (*People* v. *Beil, supra; People* v. *White*, 311 Ill. 356). If, in a case such as the present one, a sale of liquor for beverage purposes with death ensuing from such use be established, the defendant's knowledge or want of knowledge of the poisonous character of the liquor sold is an important factor in the jury's determination of the question whether the offense is murder or manslaughter. The plaintiff in error was found guilty of the major crime, and obviously he was not prejudiced by the instruction defining manslaughter.

The other instruction to which objection is made informed the jury that if they believed from the evidence beyond a reasonable doubt that the plaintiff in error sold or furnished wood alcohol to Easley without a permit from the Attorney General and that Easley died as a result of drinking such alcohol, then they were authorized to find the plaintiff in error guilty of manslaughter even though they believed from the evidence that he did not know that the liquor so sold or furnished contained wood alcohol. The complaint is that the instruction omitted the phrase "for beverage purposes." Forty-four instructions were given

to the jury. Taken as a whole the law applicable to the case was fully set forth in them, and to assert that the omission in the particular instruction misled the jury would be wholly unwarranted.

For the error indicated, the judgment of the circuit court is reversed and the cause is remanded to that court for a new trial.

*Reversed and remanded.*

Mr. Justice Farmer, dissenting.