Weygandt, C. J.,
 

 dissenting. It is held by a majority of the court that the provisions of Section 13437-6,, General Code, are ■ mandatory, that a trial court is without discretion when a request for a bill of particulars is presented seasonably by a defendant in a criminal ease involving a short form of indictment, and that a failure or refusal to grant such a request is
 
 ipao facto
 
 erroneous. '
 

 It would seem that the language of the statute itself'requires a hearing and the exercise of discretion by the trial court. Otherwise, how and by whom can it be determined whether a request has been made seasonably?
 

 Or, if an indictment itself contains all the information properly obtainable by a bill of particulars, is a trial court without discretion? Must the court nevertheless order the prosecuting attorney to go through the futile process of furnishing the defendant a bill of particulars which merely repeats the content of the indictment already in his hands?
 

 Or, if the defendant is furnished a bill of particulars which he claims is insufficient, is the trial court without discretion in considering a second request by the defendant for a bill of particulars?
 

 In the opinion in the instant case the following
 
 *504
 
 sentence is quoted from the
 
 per curiam
 
 opinion in the case of
 
 State
 
 v.
 
 DeRighter,
 
 145 Ohio St., 552, 62 N. E. (2d), 332:
 

 “Hence, it is clear that the purpose of a bill of particulars is not to disclose the state’s evidence but simply to state specifically the nature of the offense charged.”
 

 However, the next sentence in that
 
 per curiam
 
 opinion reads in part as follows:
 

 “When this is stated in the indictment the accused is entitled to no bill of particulars * *
 

 That this* is in conformity with the general rule is disclosed by the following quotations relating to a bill of particulars:
 

 “The granting or refusal of it rests in the sound discretion of.tbe trial court.” 14 American Jurisprudence, 852, Section 127.
 

 “A bill of particulars is not required to be given under an indictment charging a statutory offense in the language of the statute.” 27 American Jurisprudence, 674, Section 113.
 

 “The granting or refusal of a bill of particulars ordinarily rests within the discretion of the court to be exercised with reference to the circumstances of the case.” 42 Corpus Juris Secundum, 1094, Section 156.
 

 The Supreme Court of Illinois restated the general rule in the case of
 
 People
 
 v.
 
 Cox,
 
 340 Ill., 111, 172 N. E., 64, as follows:
 

 “A bill of particulars is not necessary in a criminal case where the indictment informs the defendant of the crime with which he is charged sufficiently to enable him to prepare his defense. * * * Whether the prosecution shall be required to furnish a bill of particulars in a given case rests in the discretion of the trial court, and only a clear abuse of that discretion in the
 
 *505
 
 denial of a motion for such a bill is error. ’ ’
 

 Under .the provisions of Section 13437-6, General Code, certain forms of indictment are authorized. The defendant does not contend that the indictment here involved was not drawn in conformity therewith.
 

 A study of the record does disclose certain irregularities. One of them wns the failure of the defendant himself to give notice of his inténtion to offer an alibi in his defense, as prescribed by Section 13444-20, General Code.
 

 But the evidence is such that, if believed by the jury, would warrant the verdict returned. It seems highly improbable that the technical errors .were prejudicial, and it. seems equally improbable that substantial justice was not done. • Under such circumstances the unanimous judgments of the lower courts should be affirmed.