(No. 30949.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HARRY RADDATZ, Plaintiff in Error.

*Opinion filed March 24, 1949.*

FRANK A. McDONNELL, and DARROW, SMITH & CARLIN, both of Chicago, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, W. S. MIROSLAWSKI, and ARTHUR F. MANNING, all of Chicago, of counsel,) for the People.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

The plaintiff in error by this writ seeks a reversal of the judgment of the Appellate Court, First District, affirming the judgment of the criminal court of Cook County, based upon a jury verdict which found him guilty of a misdemeanor charged in an indictment.

The first count charged him with taking indecent liberties with a seven-year-old girl. The second count, upon which he was found guilty, charged that the same indecent liberties directly tended to render the child guilty of indecent and lascivious conduct.

The point is presented that the Appellate Court erred in refusing to hold section 11 of division II of the Criminal Code, (Ill. Rev. Stat. 1947, chap. 38, par. 591,) which provides that an infant less than ten years old shall not be found guilty of crime or misdemeanor, applicable to count 2, thereby rendering impossible the charging of the plaintiff in error with an offense under the delinquency provisions of the Criminal Code. (Ill. Rev. Stat. 1947, chap. 38, par. 104.) That contention reduced to simple terms is: because the girl cannot be found guilty of indecent and lascivious conduct under the law, whatever he

would do to her to tend to make her conduct such in fact, cannot constitute a chargeable offense against plaintiff in error. The mere statement of the point shows how fallacious it is. *Angelo* v. *People,* 96 Ill. 209, is cited, wherein an eleven-year-old boy was convicted of manslaughter. This court merely stated the statute declaring a child under ten should not be found guilty of committing a crime or misdemeanor. Also cited is *Maskaliunas* v. *Chicago and Western Indiana Railroad Co.* 318 Ill. 142, a negligence case arising out of an injury to a child just under eight years old when he tried to climb aboard a moving train along an unfenced right of way in Chicago. A city ordinance required the railroad company to fence the right of way between street crossings, and the company did not maintain a fence at the particular location. A statute made it a misdemeanor to climb upon a railroad car without permission. We held the statute did not apply to the boy, for it must be construed with the statute declaring a child under ten years of age *doli incapax.*

Neither the statute nor the cases cited apply here. Section 1 of the act in regard to delinquency (Ill. Rev. Stat. 1947, chap. 38, par. 103,) sets forth those acts which, when done, shall in the contemplation of the law make a female child under the age of eighteen delinquent. The pertinent portion is "* * * is guilty of indecent or lascivious conduct." Section 2 thereof provides that anyone contributing to the delinquency of a child as defined in section 1, *i.e.,* who shall "knowingly or wilfully cause, aid or encourage. * * * any female under the age of eighteen (18) years to be or to become a delinquent child * * * or who shall knowingly or wilfully do acts which directly tend to render any such child so delinquent" shall be punished. Count 2 charged the plaintiff in error with the doing of an act which would directly *tend* to make the child delinquent by reason of his act. This simply means that no knowing, wilful act shall be done upon the person

of a female child under the limited age by another which would have a tendency to cause the child to be guilty of indecent or lascivious conduct. The essential purpose of the law in respect to the prohibition of the doing of those acts which would have a tendency to create subsequent delinquency is that of prevention. The plaintiff in error is the one charged with an offense, not the child, and he cannot dispose of his capability to commit the crime charged because she cannot under the law be charged as a delinquent child until she passes the age of ten. In our opinion the statute declaring that a child, under the age of ten, cannot be found guilty of a misdemeanor or crime has no bearing upon or connection with the delinquency sections of the Criminal Code when one is charged under section 2 thereof with the commission of an act tending to cause factual delinquency in a child under ten years of age. These sections do not require, as a condition precedent, that the child be or become a delinquent before a conviction for contributing to a child's delinquency may be had. *People* v. *Gruhl,* 388 Ill. 52; *People* v. *Klyczek,* 307 Ill. 150.

The plaintiff in error believes there was an implied acquittal on count 2 because the jury did not find him guilty on count 1, the indecent liberties charge. This is predicated on the fact the evidence was the same for both charges, and he was tried on both. He cites *People* v. *Weil,* 243 Ill. 208, and *People* v. *Smithka,* 356 Ill. 624, in support. All that either case holds, insofar as they are cited in support, is that in an indictment containing two counts where each charges a separate offense, a verdict of guilty on one count operates as an implied verdict of not guilty on the other count. That is quite different from plaintiff in error's position that because the jury failed to return a verdict as to count 1, the indecent liberties charge, the specific verdict as to count 2 is a nullity merely because the evidence was the same as to both counts. The offenses

of taking indecent liberties and contributing to the delinquency of a child are separate offenses. Where the indictment, in separate counts, charges both offenses, it cannot be said that because the same evidence was common to both counts a legal relationship is established between the two offenses. (*People* v. *Jensen,* 392 Ill. 72.) The implication envisioned by the plaintiff in error is a pure assumption which has no persuasive force in law.

The plaintiff in error argues the insufficiency of the evidence to prove him guilty of the charge beyond a reasonable doubt. This case was tried before a jury and this court on review will not reverse a judgment of conviction on the verdict where the decision depends upon the credibility of witnesses unless the evidence clearly indicates a reasonable doubt of guilt. (*People* v. *Grove,* 284 Ill. 429.) Our sole obligation is to determine whether this case comes within the exception. This case is a typical one, the testimony of the child and that of the defendant being in absolute conflict. There were no eyewitnesses to the alleged wrongful act and the defendant denied the commission thereof. The mother of the child testified that within a few moments after the time of the alleged commission of the act, she saw the defendant in the basement stairway, that being the place where the child said the act was committed. To that extent the testimony of the child is corroborated. What other testimony there was on either side in respect to the concommitant circumstances was conflicting. Under such circumstances, the evaluation of the testimony of each witness must depend upon matters which do not appear of record but were apparent to the jury. We have carefully examined the record and cannot say the case comes within the exception to the rule stated above.

The judgment of the Appellate Court, First District, must be affirmed.

*Judgment affirmed.*