(No. 33552.—▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* BERNARD LABIAK, Plaintiff in Error.

*Opinion filed January 19, 1956.*

THADDEUS C. TOUDOR, and ZOE KUTA, both of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (FRED G. LEACH, EDWIN A. STRUGALA, IRWIN D. BLOCH, JOHN T. GALLAGHER, RUDOLPH L. JANEGA, WILLIAM L. CARLIN, ROBERT COONEY, and JOSEPH McGOVERN, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

By an indictment returned in the criminal court of Cook County, Bernard Labiak, hereinafter referred to as the defendant, was charged, in count I thereof, with having taken indecent liberties with an eight-year-old girl, and, in count II, with contributing to the delinquency of this child. At the jury trial which followed on February 16, 1953, the People offered considerable evidence to show that the accused had committed sexual acts against this minor. No testimony was offered by the defendant. At the close of all the evidence, the People withdrew the delinquency count without defense objection and elected to stand solely on count I of the indictment. Nevertheless, instructions defining the crime of contributing to the delinquency of a child and containing forms of verdict thereon were tendered by the defendant but refused by the court. Labiak was thereafter found guilty of the crime of indecent liberties and sentenced to the penitentiary for a one-to-ten-year term. On writ of error, the defendant now contends that the

trial court erred in refusing to give the above-mentioned instructions.

In support of this belief, Labiak points out that the crime of indecent liberties is a felony, while contributing to the delinquency of a child is only a misdemeanor, and that both crimes may arise from a similar statement of facts. From this he argues that the two crimes are, in reality, merely degrees of the same offense with the latter necessarily included in and constituting a lesser crime than that of the former, and that upon trial being had for indecent liberties, a jury would be justified in returning a verdict of guilt as to either this charge or that of the lesser offense. For this reason, he continues, even though only count I was before the jury in the present case, instructions as to both crimes were necessary and should have been given.

This contention, although novel, is not new. It is true that where there are several degrees of the same unlawful act, such as in the case of homicide, instructions may, under certain circumstances, be given as to the lesser offense. (*People* v. *Cox,* 340 Ill. 111; *People* v. *Ristau,* 363 Ill. 583.) No such relationship, however, exists between the crimes now in question. Even a cursory examination of the applicable statutes shows that the crime of contributing to the delinquency of a child, although limited in punishment, is much greater in scope than the crime of taking indecent liberties. Whereas the latter is concerned only with sexual acts, the former may be based upon any act, sexual or otherwise, which causes or tends to cause delinquent behavior. Furthermore, we have held on at least two prior occasions that the crimes of taking indecent liberties and contributing to the delinquency of a child are separate and distinct offenses even though included in separate counts of an indictment. (*People* v. *Raddatz,* 403 Ill. 48; *People* v. *Jensen,* 392 Ill. 72.) It follows, therefore, that the jury in the present case was concerned only with the defendant's guilt of the indecent liberties charge and had neither the

right nor duty to consider imposition of a lesser penalty or receive instructions which would have been applicable thereto.

For these reasons, we hold that the trial court did not err in refusing to give the instructions which were offered by the defendant, and that the judgment of the criminal court of Cook County should be affirmed.

*Judgment affirmed.*