76

(No. 34329.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CLEMENT FINN, Plaintiff in Error.

*Opinion filed September 20, 1957.*

RALPH P. SHERIDAN, of Freeport, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and HAROLD D. NAGEL, State's Attorney, of Galena, (FRED G. LEACH, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

After a jury trial in the circuit court of Jo Daviess County, the defendant, Clement Finn, was found guilty of

taking indecent liberties with a child, (Ill. Rev. Stat. 1955, chap. 38, par. 109,) and sentenced to a term of one to ten years in the penitentiary.

In asking a reversal, the defendant contends (1) the evidence does not establish guilt beyond reasonable doubt and (2) the acquittal of a lesser offense (contributing to the delinquency of a minor) amounts to an acquittal of the instant charge.

The State's principal witness, a 12-year-old girl, testified that she and the defendant had sexual relations several times during January, 1956, at the latter's house. The defendant acknowledged that he knew the girl and that she had been with him at his house during that time, but he denied that he ever had sexual intercourse with her.

A neighbor of the defendant testified that on one occasion he observed them "necking" on the davenport. This witness also stated he heard the defendant admit he had had sexual intercourse with the girl. The defendant denied this admission and insisted that he never showed the girl any affection at all.

Apart from other minor evidentiary matters, including evidence regarding the girl's unwholesome background, the balance of the case consisted of the testimony of witnesses attesting the defendant's good reputation for decency and morality.

The defendant asserts that this character evidence was sufficient to create a reasonable doubt of guilt. But "good character or reputation is but a circumstance to be considered in connection with all the evidence in determining an accused person's guilt or innocence and such determination is the function of the jury. If guilt is clearly established, proof of good character or reputation avails nothing." *People* v. *Klemann,* 383 Ill. 236, 242.

Even without corroboration for the girl's testimony it does not necessarily follow that the conviction should be set aside, (*People* v. *Halteman,* 10 Ill.2d 74, 80,) and here

there is corroboration. The defendant admitted she was in the home around the dates in question, and the neighbor stated that the defendant told of having had sexual relations with the girl. Apart from the defendant's denial, there is neither testimony nor circumstance to detract from the jury's conclusion. They are the judges of the credibility of the witnesses, and we cannot say there is insufficient evidence to support their verdict.

Finally, the defendant argues that an acquittal on a lesser charge, contributing to the delinquency of a minor, demands an acquittal on the instant charge, taking indecent liberties with a child. (Actually, the jury did not return a verdict at all on the delinquency charge, and the parties agree this constituted an acquittal.) However, the two crimes are separate and distinct offenses and not merely degrees of the same offense, so that his argument is unavailing. *People* v. *Raddatz,* 403 Ill. 48, 51-2; *People* v. *Labiak,* 7 Ill.2d 583, 585.

The judgment is affirmed.

*Judgment affirmed.*