**The People of the State of Illinois, Plaintiff-Appellee, v. Ollie Taylor, Defendant-Appellant.**

**Gen. No. 49,743.**

First District, Second Division.
March 9, 1965.
Rehearing denied April 14, 1965.

Howard J. Abrams and Howard T. Savage, of Chicago, for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Kenneth L. Gillis, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE BRYANT delivered the opinion of the court.

This is an appeal from a judgment entered February 27, 1964, by the Circuit Court of Cook County, Criminal Division, on a jury verdict, finding the appellant guilty of the crime of aggravated battery, and sentencing him to not less than two nor more than five years in the Illinois State Penitentiary. The appellant claims that the finding of guilty was against the manifest weight of the evidence and inconsistent with a verdict finding him not guilty of attempted murder. While he admits injuring the complaining witness, he insists he acted in self-defense.

The appellant was indicted for aggravated battery, and in a separate count, for attempted murder. The jury returned a verdict of guilty on the first count and not guilty on the second. The facts proved by the People were the same for both counts and the appellant, therefore, argues that his claim of self-defense must have been accepted by the jury for the attempted murder charge and rejected respecting the charge of aggravated assault. The appellant claims in his brief, "The jury failing to find defendant guilty of attempt to murder could not lawfully under the same evidence and same sole defense of self-defense find him guilty of aggravated battery in the same transaction."

The People respond, saying consistency in verdicts is not necessary, since each count in an indictment is regarded as separate, even though all counts are based on the same facts and are subject to the same defense.

The facts in this case are fairly simple to set forth. On the evening of February 24, 1962, the appellant attended a party held in a two-room basement apartment at 2628 West Wilcox in Chicago. Beer and whiskey were being sold there for 25 cents a drink, the proceeds going to a woman's club. It is not clear

how much the appellant had to drink that evening, but he admits to having some beer before coming to the party and drinking two shots of whiskey and some more beer at the party.

The evidence discloses that the appellant had an argument with his girl friend while attending the party, and there was testimony from several witnesses that he struck her and knocked her to the floor. Both the appellant and the woman in question denied this at the trial, though they admitted having an argument.

The woman's club president testified that she asked the appellant to leave the party, and that he did so, but returned about 20 minutes later. He denies he was asked to leave or that he did leave. The appellant claims he was standing in the kitchen of the apartment when he was attacked from behind. He testified he tried to push the attacker away, but when he could not, he shot out of fear for his life. He said he did not know the attacker at the time, but that he now knows him as the complaining witness, Thurmond Jones. Appellant stated he did not see a weapon in Jones' hands during the attack.

The People's witnesses, on the other hand, said that appellant walked into the kitchen and pulled out a gun which he then began waving around. The complaining witness, Jones, was heard to have told the appellant to put the gun back and not frighten people. It is said that appellant then fired the gun several times, hitting Jones twice—once in the shoulder and once in the eye. The People admit in their brief that there was no history of ill feeling between the men and can find no motive for the appellant's actions.

The appellant claims that the People's witnesses contradicted each other in their testimony to such an extent that it was too unreliable to believe. The

gist of this argument seems to be that not all the witnesses for the People could agree as to who was in the kitchen at the time the shooting occurred. It is readily understandable that with the confusion attendant on a shooting, not everyone could agree as to who was there. What is important is that the testimony given by the People's witnesses is in agreement on the question of who was the aggressor.

██ ██ If the jury believed the appellant's testimony, then he should have been found not guilty both of attempted murder and aggravated assault by reason of self-defense. If it was believed that the appellant was the aggressor he seemingly should have been found guilty of both offenses. The appellant insists that the jury must have believed he was acting in self-defense to find him not guilty of attempted murder, and that, therefore, it could not legally find him guilty of aggravated battery. The offenses are different to the extent that attempted murder requires a specific intent to kill while aggravated battery requires no specific intent, and the People say that while the jury believed the appellant to be the aggressor, they did not feel there was sufficient proof of specific intent to bring in a verdict of guilty of attempted murder. We agree with the People's contention. Yet wilful and wanton conduct such as appears when one man fires several shots at another with no apparent reason would seem to supply an adequate basis for a verdict of guilty of attempted murder even though no specific intent were shown. Ill Rev Stats 1961, c 38, art 9–1(a)(2).

██ ██ There are, however, strong grounds for affirmation of the judgment entered in the court below in the decisions of the Supreme Court in People v. Garman, 411 Ill 279, 103 NE2d 636 (1952) and People v. Raddatz, 403 Ill 48, 85 NE2d 32 (1949). These decisions, along with others which are unnecessary to

cite here, hold that each count in an indictment when charging separate offenses, are separate and distinct as a matter of law, no matter how closely they may be related in fact. Thus in the Raddatz case, supra, the appellant was found guilty of contributing to the delinquency of a minor, but innocent of the charge of indecent liberties. The evidence was the same for both charges, and it was clear that the appellant was guilty or innocent of both charges. Yet the Supreme Court of this State held the jury could return logically inconsistent verdicts, for such verdicts are not legally inconsistent.

The Supreme Court of the United States considered this problem in Dunn v. United States, 284 US 390, 393 (1931) where Mr. Justice Holmes wrote, "Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment. . . . If separate indictments had been presented against the defendant for possession and for maintenance of a nuisance, and had been separately tried, the same evidence being offered in support of each, an acquittal on one could not be pleaded as *res judicata* of the other. Where the offenses are separately charged in the counts of a single indictment, the same rule must hold."

On the basis of these opinions, it is clear that the jury's verdict of guilty of aggravated battery is valid. The judgment is, therefore, affirmed.

Judgment affirmed.

BURKE, P. J. and LYONS, J., concur.