THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ADAM JAMES SCHELSKY, Defendant-Appellant.

Fifth District   No. 5—84—0291

Opinion filed June 28, 1985.

Randy E. Blue and Kim G. Noffke, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Alan C. Downen, State's Attorney, of McLeansboro (Kenneth R. Boyle, Stephen E. Norris, and John H. Benham, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HARRISON delivered the opinion of the court:

Defendant, Adam James Schelsky, was charged with aggravated indecent liberties with a child by way of an information filed in the circuit court of Hamilton County. A first jury trial resulted in a mistrial when the jury was unable to reach a verdict, and a second jury trial culminated in a verdict of guilty. Subsequently, defendant was sentenced to 29 years' imprisonment. On appeal, defendant raises numerous issues for our consideration.

Initially, defendant contends that the information purportedly charging him with aggravated indecent liberties was fatally defective in that it did not allege the infliction of great bodily harm. (See Ill. Rev. Stat. 1983, ch. 38, par. 11—4.1.) The State concedes this point, but requests that, rather than reverse defendant's conviction, we reduce it to one for indecent liberties with a child pursuant to the authority vested in us by Supreme Court Rule 615(b)(3) (87 Ill. 2d R. 615(b)(3)). This suggestion is well taken, as an information charging indecent liberties with a child is sufficient when it alleges (1) that the defendant was 17 years of age or older; (2) that the victim was a child under the age of 16; and (3) that the defendant performed or submitted to an act of deviate sexual conduct with the child. (Ill. Rev. Stat. 1983, ch. 38, par. 11—4(a).) The information in this case, while omitting the "great bodily harm" requirement necessary to charge the aggravated offense, sufficiently charged defendant with each of the elements of the lesser one, and apprised defendant that he would be required to defend against each of these elements. Accordingly, we reduce defendant's conviction to one of indecent liberties with a child. Compare *People v. Cagle* (1983), 113 Ill. App. 3d 1024, 1033, 448 N.E.2d 893 (armed violence conviction reduced to aggravated battery by reviewing court).

In separate additional arguments, defendant contends that the State did not offer sufficient evidence to establish his guilt beyond a reasonable doubt at either the first or second trial. We need not consider the evidence with respect to the first trial, for the United States Supreme Court has concluded that where "there has been only a mistrial resulting from a hung jury, *Burks* [*Burks v. United States* (1978), 437 U.S. 1, 57 L. Ed. 2d 1, 97 S. Ct. 2141] simply does not require that an appellate court rule on the sufficiency of the evidence because retrial might be barred by the Double Jeopardy Clause." (*Richardson*

*v. United States* (1984), 468 U.S. 317, 323, 82 L. Ed. 2d 242, 249, 104 S. Ct. 3081.) We note parenthetically that we have reviewed the record carefully, and would, if required to rule on this point, conclude that the evidence offered at the first trial was not, as a matter of law, insufficient. Finally in this respect, we need not rule on the State's motion to strike that portion of defendant's brief containing this argument, since we have not had to consider the argument itself.

Defendant's challenge to the sufficiency of the evidence at his second trial is also without merit. The victim, defendant's then 11-year-old daughter, testified that on August 24, 1983, while swimming with her half-brother and half-sister, she asked defendant if she could go to a festival on the following Saturday. According to the victim, defendant told her she had to meet him in the barn if she wanted to go; the victim then followed defendant to the barn, where defendant pulled down his pants and instructed the victim to perform fellatio on him. The victim testified that she did so, and that she subsequently vomited and went back to the pond. Ruth Adams, a school nurse, testified that on August 25, 1983, the victim complained to her that she had been sexually abused. While defendant testified that he did not commit the offense, and while the defense offered evidence tending to show that the victim resented defendant's discipline and wanted to live elsewhere, these matters of credibility were for the jury to resolve. (*People v. Finn* (1957), 12 Ill. 2d 76, 78, 145 N.E.2d 30.) Viewing the evidence here in its entirety, we cannot say that the evidence was so unsatisfactory as to raise a reasonable doubt as to defendant's guilt.

Defendant next asserts that he was denied a fair trial when the prosecutor suggested in closing argument that defendant intimidated witnesses. Defendant did not object to these remarks, and has waived consideration of this issue on review. (*People v. Jackson* (1981), 84 Ill. 2d 350, 358, 418 N.E.2d 739.) Moreover, examination of the remarks complained of reveals that they were not so flagrantly improper as to affect the outcome of the trial, and we thus find no occasion to invoke the plain error exception to the waiver rule.

Defendant also contends that he was denied the effective assistance of counsel. In order to prevail on this contention, defendant must show that the representation provided him by counsel fell below an objective standard of reasonableness, and that counsel's shortcomings were so serious as to deprive the defendant of a fair trial with a reliable result. (*People v. Albanese* (1984), 104 Ill. 2d 504, 525, 473 N.E.2d 1246.) While the representation afforded defendant here was something less than perfect, we cannot say that counsel's perform-

ance was such as to deprive defendant of a fair trial. The record reveals that counsel competently examined and cross-examined witnesses, established a motive for the victim to lie, and made opening and closing arguments of reasonable quality. While counsel failed to move for a directed verdict, did not object to portions of the prosecution's closing argument, and did not file a post-trial motion, we cannot say, upon close scrutiny of the record, that these factors operated to produce a trial with an unreliable result.

Finally, our reduction of defendant's conviction to one of indecent liberties with a child dictates that we remand this cause for resentencing. While the State argues that the record contains ample support for the sentence imposed, we will not presume that the trial court, which is in the best position to determine an appropriate sentence (see *People v. Perruquet* (1977), 68 Ill. 2d 149, 154, 368 N.E.2d 882), would impose the same sentence for a lesser offense.

For the foregoing reasons, defendant's conviction is reduced to one of indecent liberties with a child, and, as modified, is affirmed. Defendant's sentence is vacated, and this cause is remanded for resentencing.

Affirmed as modified in part, vacated and remanded in part.

WELCH and KARNS, JJ., concur.