Per Curiam.

Petitioner’s primary contention is that his indictment was void for failure to set forth the facts, the applicable Eevised Code section number and the essential elements of the crime of first degree murder.
The crime of murder in the first degree is defined by Section 2901.01, Eevised Code, which provides:
“No person shall purposely, and either of deliberate and premeditated malice, or by means of poison, or in perpetrating or attempting to perpetrate rape, arson, robbery, or burglary, kill another.
“Whoever violates this section is guilty of murder in the first degree and shall be punished by death unless the jury trying the accused recommends mercy, in which case the punishment shall be imprisonment for life.
“Murder in the first degree is a capital crime under Sections 9 and 10 of Article 1, Ohio Constitution.” ■
The charging part of petitioner’s indictment read as follows :
“Do find and present, that Jack Eoy Foutty aka Jack Nutter, John Eay Miller and Eichard Paul Miller in the county of Summit and state of Ohio aforesaid, on the 28th day of October, in the year of our Lord, one thousand, nine hundred and fifty- *37 seven, did unlawfully, purposely and while attempting to perpetrate a robbery, kill one Russell Lee Foutty, contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of Ohio.”
Petitioner argues that the failure to allege premeditation and malice constituted the omission of an essential element of the crime and rendered the indictment void.
A determination of petitioner’s contention requires an analyzation of the provisions of Section 2901.01, Revised Code. An examination of this section shows that it is actually divided into two basic parts.
The first provides that the killing must be done purposely to constitute murder in the first degree. This is one of the essential and basic elements which must be present in every case of murder in the first degree, under Section 2901.01, Revised Code. State v. Farmer, 156 Ohio St., 214.
The second part of this section is written in the disjunctive and delineates three separate and independent types of killing, each of which if done purposely will constitute murder in the first degree. Each type is independent of the others and requires none of the elements of the others.
Thus, murder in the first degree may be a killing done purposely with deliberate and premeditated malice, or a killing done purposely by means of poison, or a killing done purposely while perpetrating or attempting to perpetrate rape, arson, robbery or burglary — the so-called felony murder.
Where murder is committed by means of poison or during the perpetration or attempted perpetration of a felony, deliberate and premeditated malice is not an essential element of the crime and is not a necessary allegation in the indictment.
Petitioner’s indictment charged him with a felony murder, a killing in the perpetration of a robbery, and an allegation of deliberate premeditated malice was unnecessary.
Petitioner urges further that the omission in the indictment of the section number of the Revised Code under which he was charged rendered it invalid. It is his contention that, as a layman, he was not adequately apprised of the nature of the crime because the specific section of the Revised Code was not set forth. •
*38 Section 2941.05, Revised Code, reads as follows:
“ In an indictment or information charging an offense, each count shall contain, and is sufficient if it contains in substance, a statement that the accused has committed some public offense therein specified. Such statement may be made in ordinary and concise language without any technical averments or any allegations not essential to be proved. It may be in the words of the section of the Revised Code describing the offense or declaring the matter charged to be a public offense, or in any words sufficient to give the accused notice of the offense of which he is charged.”
Here, the indictment clearly informed the petitioner of the crime with which he was charged — the basic purpose of an indictment. The inclusion of the section number would have added nothing to the description of the offense. It would have told the average layman, in fact the average lawyer, nothing more than that which the actual allegations in the indictment had already recited. The failure to include such section number in no way invalidated the indictment. Norton v. Green, Supt., 173 Ohio St., 531.
Here, the indictment contained all the necessary and essential allegations to constitute a charge of a felony murder, and the petitioner’s objections are without foundation.
The petitioner urges also that he was denied due process of law by the failure of the prosecuting attorney to furnish him a bill of particulars demanded under the provisions of Section 2941.07, Revised Code, which provides in part as follows:
“The prosecuting attorney, if seasonably requested by the defendant, or upon order of the court, shall furnish a bill of particulars setting up specifically the nature of the offense charged.”
The basic purpose of the bill of particulars is not to reveal the state’s evidence but simply to state specifically the nature of the offense charged. State v. DeRighter, 145 Ohio St., 552. Its purpose is to clarify the allegations in the indictment so that the accused may know with what he is charged in order to prepare his defense. Where, as here, the accused, while represented by counsel, withdraws his plea of not guilty and enters a plea of guilty, the need for a hill of particulars no longer exists. An *39 accused by pleading guilty to an indictment waives tbe right to a bill of particulars. However, even if error intervenes in the failure to furnish a bill of particulars, it is an irregularity in the proceedings which does not go to the jurisdiction of the court, and the failure or refusal to furnish a bill of particulars is, therefore, not reviewable in a habeas corpus action. Harris v. Warden, 199 Md., 685.
The petitioner contends further that he was deprived of his constitutional rights by the failure of the court to appoint an attorney on his behalf prior to the arraignment. There is no evidence that petitioner requested such appointment, and there is no question that an attorney was appointed for him after his plea of not guilty on his arraignment. The resolution of this question requires a consideration of the effect the arraignment has on the possible future defense of an accused. Section 2943.03, Bevised Code, relating to the pleas to an indictment, provides in part:
“The court may, for good cause shown, allow a change of plea at any time before the commencement of the trial.”
It is obvious from a consideration of this section that an accused, by entering his plea on arraignment, is not precluded from changing such plea or entering any defense which may be for his benefit.
By making his plea at the arraignment, an accused waives nothing nor is any defense lost to him. Under such circumstances, the failure to appoint counsel for an accused prior to his arraignment does not deprive him of any of his constitutional rights.
Petitioner urges error in the fact that after his plea of guilty to the three-judge court the court erred in hearing evidence. This is the procedure provided by the statute on a plea of guilty.
Section 2945.06, Bevised Code, provides in part as follows:
“If the accused pleads guilty of murder in the first degree, a court composed of three judges shall examine the witnesses, determine the degree of crime, and pronounce sentence accordingly.”
There was no error in this procedure.
The final contention made by petitioner is that his com *40 mitment papers were devoid of the section number of the statute defining the crime for which he is incarcerated and were, therefore, invalid. Petitioner relies upon Section 2949.12, Revised Code, which reads in part:
“Unless the execution of sentence is suspended, a convicted felon shall be conveyed to the place of imprisonment by the sheriff of the county in which the conviction was had, within five days after such sentence, and delivered into the custody of the head of such institution, with a copy of such sentence which shall clearly describe the offense and designate the sections of the Revised Code under which conviction was had, together with a copy of the indictment.”
The failure to include the section number in the mittimus was merely an irregularity which in no way affected the jurisdiction of the trial court or petitioner’s conviction. It is not a matter which is cognizable in a habeas corpus action.
The petitioner has shown no lack of jurisdiction in the Court of Common Pleas over his person or the subject matter of the crime nor has he shown any deprivation of constitutional rights.

Petitioner remanded to custody.

Weygandt, C. J., Zimmerman, Taft, Matthias, 0 ’Neill and Griffith, JJ., concur.
Herbert, J., not participating.