Taft, C. J.,
dissenting. I agree with the following statement in the opinion of the Court of Appeals:
* * a reasonable and practical construction can be given to the language of the statute if we assume that the Legislature intends the preposition ‘for’ and the words ‘a number of shares or an interest in a scheme of chance’ to be read together. It then defines a crime the gravamen of which is that the printing on the ticket is such that an ordinary person reading or examining same would conclude that it represented a share or interest in a game of chance.”
However, I do not believe it necessary to determine whether the statute as so construed is unconstitutional because it does not require scienter. See Dragelevich v. City of Youngstown (1964), 176 Ohio St., 23, 197 N. E. (2d), 334. Cf. State v. Mapp (1960), 170 Ohio St., 427, 432 et seq., 166 N. E. (2d), 387; State v. Jacobellis (1962), 173 Ohio St., 22, 29, 179 N. E. (2d), 777. This is because of the following statements in the opinion of the Court of Appeals, with which I also agree:
“When we examine the description and sample contained in and attached to the bill of particulars it becomes apparent that a legitimate printer, aware of the statute and fearful of its penalties, might examine this ticket and have no reason to suspect that it represented contraband under the statute. It appears to be a sales ticket. In the absence of special knowledge, experience or evidence no ordinary person would consider these books as being of such a nature as to sound an alarm leading to an inquiry as to whether the substantially blank sheets of paper had a special usefulness which was illicit under the statute.
“This court very much doubts that the tickets described *489 in the hill of particulars and attached thereto, and marked ‘exhibit 1,’ are tickets ‘for or representing an interest in a scheme of chance known as the numbers game.’ ”
Section 2941.07, Revised Code, reads in part:
“The prosecuting attorney # * shall furnish a bill of particulars setting up specifically the nature of the offense charged.”
A bill of particulars is required where, as in the instant cases, an indictment, although sufficient to charge an offense, is so wanting in particularity or information or is so extremely general, vague, uncertain or indefinite in the language of the charge that the defendant is not given a fair and reasonable opportunity to prepare his defense. State v. Whitmore (1933), 126 Ohio St., 381, 185 N. E., 547.
As its name indicates, the purpose of a bill of particulars is “to state specifically the nature of the offense charged.” State v. DeRighter (1945), 145 Ohio St., 552, 556, 62 N. E. (2d), 332; State v. Petro (1947), 148 Ohio St., 473, 76 N. E. (2d), 355, 5 A. L. R. (2d), 425.
As stated in 27 American Jurisprudence, 672, Section 112:
“In so far as its purpose is concerned, a bill of particulars is in the nature of a pleading, and, when furnished, operates to limit the prosecution in its proof to the specifications therein contained * * See State v. Bernstein (Cuyahoga County, 1937), 25 Ohio Law Abs., 291, appeal dismissed, 133 Ohio St., 74, 11 N. E. (2d), 701.
If the prosecution is limited in its proof to what is specified in the indictment as made definite by the bill of particulars, it is apparent, as the above-quoted portion from the Court of Appeals opinion indicates, that the prosecution could not offer sufficient proof to support convictions in the instant cases. It follows that the judgments of the Common Pleas Court, sustaining demurrers to the indictments, could not have prejudiced the state and should have been affirmed.
G-ibson, J., concurs in the foregoing dissenting opinion.