The STATE OF OHIO, Appellee,

v.

ENSMAN, Appellant.

[Cite as *State v. Ensman* (1991), 77 Ohio App.3d 701.]

Court of Appeals of Ohio,
Ashtabula County.

No. 90–A–1573.

Decided Oct. 15, 1991.

*Gregory J. Brown,* Prosecuting Attorney, for appellee.

*Phillip J. Cantagallo,* for appellant.

---

FORD, Presiding Judge.

This is an appeal from a judgment of conviction and sentence of appellant Dirk Ensman by the Ashtabula County Court of Common Pleas, for the offense of aggravated murder, with a firearm specification.  The facts are not in dispute.

On August 22, 1990, the Ashtabula County grand jury issued an indictment charging appellant with aggravated murder with a firearm specification, in violation of R.C. 2903.01(A).

After his arraignment, appellant filed a request for a bill of particulars pursuant to Crim.R. 7(E). On September 4, 1990, the prosecutor responded by providing a bill of particulars, which stated that appellant " * * * did purposely cause the death of GREGORY NELSON by shooting GREGORY NELSON with a firearm."

On October 26, 1990, the prosecutor filed an amended bill of particulars, additionally stating that appellant *aided, abetted and conspired* with four other named defendants in planning and committing the murder of Gregory Nelson.

The case proceeded to trial on November 14, 1990. Appellant's counsel made a motion to dismiss the amended bill of particulars because it contained allegations that impermissibly changed the nature and identity of the charge in the indictment. The trial court overruled the motion.

Appellant was found guilty of aggravated murder with a firearm specification, and was subsequently sentenced.

Appellant timely appeals raising the following assignment of error:

"The trial court erred to the prejudice of defendant-appellant in overruling his motion to dismiss the amended bill of particulars filed by the prosecuting attorney on his own volition."

In addressing appellant's sole assignment of error, it is both necessary and instructive to begin by examining R.C. 2923.03(F) which provides, in part:

"A charge of complicity may be stated in terms of this section, or in terms of the principal offense."

In the instant case, appellant was indicted for aggravated murder in terms of the principal offense. By virtue of R.C. 2923.03(F), appellant was on notice that evidence could be presented that he was either a principal offender, or an aider and abettor. *State v. Dotson* (1987), 35 Ohio App.3d 135, 138, 520 N.E.2d 240, 244. Moreover, charging a defendant in an indictment as if he were a principal will sustain proof that he acted as an aider and abettor of the principal. *State v. Senzarino* (C.P.1967), 10 Ohio Misc. 241, 39 O.O.2d 383, 224 N.E.2d 389; *State v. Smith* (Mar. 25, 1988), Allen App. No. 1–85–48, unreported, 1988 WL 32979. Accordingly, the indictment in the case *sub judice* was legally sufficient in describing the elements of the charged offense.

■ As in the instant case, a bill of particulars is appropriately requested where the indictment, although legally sufficient, is so general in nature that the accused is not given a fair and reasonable opportunity to prepare a defense. *State v. Gingell* (1982), 7 Ohio App.3d 364, 365, 7 OBR 464, 465, 455 N.E.2d 1066, 1068. When requested, a bill of particulars is designed to provide the accused with greater detail concerning the nature of the charged offense and of the criminal conduct alleged to constitute the offense. *State v. Sellards* (1985), 17 Ohio St.3d 169, 171, 17 OBR 410, 411, 478 N.E.2d 781, 784.

■ In the case *sub judice,* the prosecution provided appellant with a bill of particulars on September 4, 1990, setting forth the date and place of the alleged offense. The bill further specified that appellant "did purposely cause the death of GREGORY NELSON by shooting GREGORY NELSON with a firearm."

On October 26, 1990, the prosecution provided appellant with greater specificity with respect to the alleged conduct by alleging that appellant "did purposely, and with prior calculation and design, aid, abet and conspire" with four other persons "in committing the offense of Aggravated Murder of Gregory Nelson by gunshot causing Gregory Nelson's death."

Although not requested, the filing of the amended bill assisted appellant in reinforcing the notice to appellant that evidence could be presented on either the principal offense or on complicity. Such amendment of the bill of particulars comports with Crim.R. 7(E) and R.C. 2941.30.

Crim.R. 7(E) provides that "[a] bill of particulars may be amended *at any time subject to such conditions as justice requires.*" (Emphasis added.) Furthermore, R.C. 2941.30 provides, in pertinent part that:

"[A] court may *at any time before, during, or after a trial amend the * * * bill of particulars,* in respect to any defect, imperfection, or omission in form or substance, or any variance with the evidence, *provided no change is made in the name or identity of the crime charged [in the indictment] * * *.*" (Emphasis added.)

■ As previously stated, the additional terms contained in the bill of particulars regarding appellant's alleged complicity in no way changed the name or identity of the crime charged in the indictment by virtue of R.C. 2923.03(F). Moreover, if appellant considered the original bill of particulars to be inconsistent with the indictment, he could have requested that the bill be amended under R.C. 2941.07. See *State v. DeRighter* (1945), 145 Ohio St. 552, 555, 31 O.O. 194, 195, 62 N.E.2d 332, 334. Appellant's failure to request that the bill be amended, precludes his ability to assert prejudice, or, for that matter, attack the manner in which it was amended. *Id.* ("After failing to

avail themselves of the remedy the law provides, the defendants cannot be heard to complain." *Id.*)

Accordingly, the trial court did not err in permitting the bill of particulars to be amended nineteen days prior to trial.

Lastly, we note that during oral argument, appellant directed this court's attention to *Watson v. Jago* (C.A.6, 1977), 558 F.2d 330, 8 O.O.3d 307, in which the Sixth Circuit held that a court may not permit constructive amendment of an indictment so as to permit the state to argue and present evidence on a felony-murder charge where the indictment charges only premeditated murder. Appellant's reliance of *Watson* is misplaced, as it is inapplicable to the instant case.

█ As this court has already concluded, the clear and unambiguous language of R.C. 2923.03(F) states that a charge of complicity may be stated in the indictment in terms of the complicity section or in terms of the principal offense. Thus, a complicity conviction will be sustained under an indictment solely employing the terms of the principal offense, and an amendment of the indictment is not necessary. See *Senzarino, supra; Smith, supra.* Once again, this is accomplished by virtue of R.C. 2923.03(F).

However, in *Watson, supra,* there was no similar statute, and the Sixth Circuit correctly noted:

"Under Ohio law, a felony-murder conviction cannot be sustained under an indictment charging first degree murder with premeditated and deliberate malice. * * * For appellant to be convicted of felony-murder he would have had to be indicted for that crime." *Id.,* 558 F.2d at 312, 8 O.O.3d at 312.

Accordingly, appellant's sole assignment of error is without merit.

Based upon the foregoing, the judgment of the trial court is affirmed.

*Judgment affirmed.*

CHRISTLEY and BASINGER, JJ., concur.

RANDALL L. BASINGER, J., of the Court of Common Pleas of Putnam County, sitting by assignment.