OPINION
This case begins with a series of events that took place on an interstate highway and ends with appellant's arrest in the Wood county village of Walbridge. A motorist complained to police that while driving on the interstate he encountered another vehicle driven by appellant John Bahnsen. The complainant later testified that he and appellant jockeyed for highway position and this apparently offended appellant. According to the complainant, appellant responded by first making an obscene gesture and later brandishing, then pointing, a small black pistol at him.
When appellant exited the interstate at Walbridge, Ohio, the complainant followed him. A short time later, a police officer stopped appellant for a stop sign violation. When this happened, the complainant warned the officer that appellant was carrying a gun.
The officer conducted an investigation and found appellant to be intoxicated, she placed him in the back seat of the patrol cruiser. During questioning by the officer, appellant denied that he had a firearm. However, when a second officer arrived to search appellant, he conceded he had a weapon and permitted the officer to remove it from his left front pants pocket. The gun was loaded and, in a later test firing, proved operable. Appellant was charged with various traffic offenses and later indicted for carrying a concealed weapon, a violation of R.C. 2923.12(A).
Appellant entered a plea of not guilty and requested a bill of particulars. Appellee, state of Ohio, responded to the request by stating:
 "COUNT 1: On or about 2nd day of July, 1996, at Wood County the defendant, John N. Bahnsen did knowingly carry, or have concealed on his person or concealed ready at hand, any deadly weapon or dangerous ordnance, to-wit: While driving South Bound on I280, the defendant did brandish wave a loaded firearm described as a .380 ACP Backup model pistol serial number G12673 at the victim."
However, five days before the start of a scheduled bench trial, appellee apparently noticed that the words "brandish" and "wave" failed to describe the concealment of the weapon — an essential element of the offense charged under R.C. 2923.12(A). The state attempted to rectify this by providing appellant with an "Amended Bill of Particulars" to "supplement" its first response. This document stated:
 "After the occurrence of the facts alleged in the original bill of particulars, the defendant proceeded into the Village of Walbridge where he was stopped and detained by police.
 "At that time the defendant possessed the handgun in his front pants pocket.
"The gun was loaded with one round in the chamber.
"The gun was later test-fired and found to be operable.
"The weapon is a deadly weapon."
At trial, appellant objected to the introduction of any evidence relating to events described in the amended bill of particulars. Appellant argued that Crim.R. 7(D) permits an amendment of the bill to be made only by the court. The court agreed, striking the amended bill. However, the court then ordered the original bill amended under the aegis of the court. The trial proceeded and appellant was ultimately found guilty of carrying a concealed weapon.
On appeal, appellant raised the following single assignment of error:
 "I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY PERMITTING APPELLEE TO AMEND THE BILL OF PARTICULARS ORIGINALLY FURNISHED TO APPELLANT BECAUSE THE AMENDMENT RESULTED IN A CHANGE IN THE IDENTIFY OF THE OFFENSE."
Crim.R. 7(D) and (E) provide:
 "(D) Amendment of indictment, information, or complaint.
The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. * * *
 "(E) Bill of particulars. When the defendant makes a written request * * * the prosecuting attorney shall furnish the defendant with a bill of particulars setting up specifically the nature of the offense charge and of the conduct of the defendant alleged to constitute the offense. A bill of particulars may be amended at any time subject to such conditions as justice requires."
Read together, these rules make clear that a bill of particulars may be amended at any time so long as, "* * * no change is made in the name or identity of the crime charged" and as "justice requires."
 "Moreover, if appellant considered the original bill of particulars to be inconsistent with the indictment, he could have requested that the bill be amended under R.C. 2941.07. Appellant's failure to request that the bill be amended, precludes his ability to assert prejudice, or, for that matter, attack the manner in which it was amended. ("After failing to avail themselves of the remedy the law provides, the defendants cannot be heard to complain.")State v. Ensman (1991), 77 Ohio App.3d 701, 704-705, citing State v. DeRighter (1945), 145 Ohio St. 552, 555
Appellant was charged with carrying a concealed weapon and indicted for carrying a concealed weapon. The elements of carrying a concealed weapon were properly recited in the first bill of particulars and the "amended" bill of particulars described specific acts which constituted carrying a concealed weapon. Appellant was tried for and found guilty of carrying a concealed weapon. There was never any variation or change in the name or identity of the crime charged. Appellant had actual notice of the supplementation of the bill of particulars five days before the trial, did not seek a continuance or any other concession to deal with any purported surprise. In fact, appellant conceded before the trial court and in his brief here that he was not surprised or in any other way prejudiced by the amended bill.
Given this, we can only conclude that both of the necessary antecedents for amending a bill of particulars (no change in the name or identity of the crime and conditions in which the justice requires the amendment) were met. Accordingly, appellant's sole assignment of error is found not well-taken.
The judgment of the Wood County Court of Common Pleas is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
 James R. Sherck, J.
 Richard W. Knepper, J.
CONCUR.
Melvin L. Resnick, J.
CONCURS IN JUDGMENT ONLY.