DECISION AND JUDGMENT ENTRY
This case is before the court on appeal from the Lucas County Court of Common Pleas where, following a jury trial, appellant Jeronica Phillips was found guilty of felonious assault in violation of R.C. 2903.11. For the reasons that follow, we affirm the decision of the trial court.
This case arises from an incident that occurred in 1993 near the intersection of Bancroft Street and Detroit Avenue in the city of Toledo. Though the trial testimony was not entirely consistent, it was established at trial that on or about February 17, 1993, at approximately 4:00 pm, at least one and possibly three men surrounded a Jeep being driven by Sam Brown and broke several of the Jeep's windows with one or more baseball bats. Stacy Carter was prosecuted as the principal offender and was convicted of felonious assault. In April 1993, appellant pleaded guilty to "attempted felonious assault" pursuant to North Carolinav. Alford (1970), 400 U.S. 25, and was sentenced to incarceration for an indefinite sentence of four to ten years. Subsequently, appellant moved for relief from judgment, arguing that the offense to which he pleaded guilty was not an offense that existed under Ohio law. The trial court denied relief, but this court reversed, holding that there is no such offense as an attempt to commit an attempt. See State v. Phillips (May 8, 1998), Lucas App. No. L-97-1217, unreported. Appellant was granted a new trial.
Appellant's second trial was held in February 1999. The jury heard testimony from Stacy Carter, who testified that the incident began near Smead and Grand Avenues where Carter, appellant, and several other men were standing near the curb. According to Carter, a Jeep drove past at a high rate of speed, grazing appellant's and another man's arm with the Jeep's side view mirror. Angry that the Jeep did not stop, the men got in two cars to chase the Jeep. In the lead car was Carter, who was driving, appellant, and Tony Phillips. The Carter car caught up to the Jeep, which Sam Brown was driving, at the corner of Bancroft Street and Detroit Avenue, where Brown was in the left turn lane, stopped at the light, preparing to turn north on Detroit. Carter testified that he pulled to the left of the Jeep, in the path of on-coming traffic, and the three men got out of their car. Carter testified that he took a baseball bat from his car and threw it to appellant, who took the bat and with it in his hand approached the driver's side door of the Jeep. According to Carter, he and Tony Phillips stayed back near Carter's car and did not approach the Jeep. Carter testified that he saw appellant talking to Brown, and then he heard appellant yell that Brown had a gun. Shots were fired, and Carter and Tony Phillips were hit. Appellant and the two other men got back into Carter's car, and appellant drove the two men to the hospital.
Brown, the driver of the Jeep, testified about the incident as well. He admitted driving on Smead Avenue but denied striking anyone with his vehicle. He testified that while he was at the corner of Bancroft Street and Detroit Avenue, waiting at the light in the left-turn lane, a car stopped next to him and a man approached his vehicle and repeatedly yelled at him to get out of the car. The man yelling at him to get out of his car had a bat. Brown testified that either two or three men were surrounding his car, and at least two of them had baseball bats. The men began smashing his windows with the bats, and he was hit by breaking glass. Brown testified that he became terribly frightened and he reached over to the passenger seat where he had a gun. He quickly loaded the gun and began shooting. He then drove away and went to his friend's house and called the police.
Two eyewitnesses, Karen Niehous and James Florady, also testified about the incident. Niehous testified that as she approached the intersection, she saw three men surrounding the Jeep. She testified that, as far as she could recall, only one man was smashing the windows with either a bat or a four by four piece of wood. She testified that she heard the shots coming from the Jeep. James Florady testified that he saw three men surrounding the Jeep and that one of them was positioned at the front of the Jeep and was hitting the hood of the Jeep with what appeared to be his forearm. He did not recall seeing a baseball bat. He heard shots, and he saw one man who had been positioned by the driver's side door hopping away from the Jeep with blood on his pants.
Following the testimony, the trial judge granted defendant's motion for acquittal as to the third count of the indictment, vandalism, but denied the motion for acquittal as to the first count, felonious assault, and the second count, robbery. Subsequently, the judge also granted the motion for acquittal as to the second count, robbery; therefore, the felonious assault count was the only count that went to the jury. Over appellant's objection, the court charged the jury as to complicity to commit felonious assault. The jury found appellant guilty of the first count, felonious assault.
Appellant appeals his conviction, setting forth two assignments of error:
"First Assignment of Error
 "THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
"Second Assignment of Error
 "THERE WAS INSUFFICIENT EVIDENCE PRESENTED TO SUPPORT THE CONVICTION IN THIS CASE."
The two assignments of error will be addressed together.
Before turning to the assignments of error, it is necessary to address a procedural matter. Though appellant was charged with and the jury returned a guilty verdict for felonious assault, the judge instructed the jury as to complicity to commit, or aiding and abetting, felonious assault. Under the complicity statute, R.C. 2923.03, a defendant may be tried as an aider and abetter even if he is charged only as the principal offender. R.C. 2923.03(F); State v. Cruz (Feb. 27, 1998), Fulton App. No. F-97-023, unreported; State v. Ensman (1991), 77 Ohio App.3d 701,705, appeal dismissed (1992), 63 Ohio St.3d 1409. Accordingly, though appellant was charged with felonious assault, and the verdict form and the judgment of conviction both state that appellant is guilty of felonious assault, the jury was instructed to determine whether appellant was guilty of complicity to commit felonious assault. Therefore, we review the evidence for weight and sufficiency for a charge of complicity to commit felonious assault.
"Weight of the evidence" and "sufficiency of the evidence" are two distinct legal concepts. State v. Thompkins
(1997), 78 Ohio St.3d 380, paragraph two of the syllabus, reconsideration denied (1997), 78 Ohio St.3d 1451. "Sufficiency of the evidence" is a legal standard that the court applies to determine if a case should go to a jury or to determine whether there is sufficient evidence to support a verdict. Id. at 386, quoting Black's Law Dictionary (6 Ed. 1990) 1433. According to the Supreme Court of Ohio, "sufficiency is a test of adequacy."Thompkins, 78 Ohio St.3d at 386. In contrast, "weight of the evidence" refers to the jury's resolution of conflicting testimony. Id. at 387. In determining whether a verdict is against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and "* * * weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Id. at 387. We consider these standards in determining whether the evidence properly supports a guilty verdict for complicity to commit felonious assault.
R.C. 2923.03 provides:
 "(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:
"* * *
"(2) Aid or abet another in committing the offense;
"* * *
 "(F) Whoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were a principal offender. A charge of complicity may be stated in terms of this section, or in terms of the principal offense."
To "aid" has been defined as "to assist," and to "abet" has been defined as "to incite or encourage." State v. Sims (1983),10 Ohio App.3d 56, 58. Similarly, the Ohio Jury Instructions define "aid" as "to help, assist, or strengthen," and "abet" as "to encourage, counsel, incite, or assist." 4 Ohio Jury Instructions (1997) 401, Section 523.03 (for crimes committed before July 1, 1996). Mere presence at the scene does not constitute aiding and abetting, nor does acquiescence or silence, in the absence of a duty to act, constitute aiding or abetting. State v. Hamman (Feb. 26, 1999), Huron App. No. H-98-015, unreported, discretionary appeal not allowed (2000), 88 Ohio St.3d 1412.
R.C. 2903.11 prohibits felonious assault. At the time of the offense, that section stated:
"(A) No person shall knowingly:
(1) Cause serious physical harm to another;
 (2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.
 "(B) Whoever violates this section is guilty of felonious assault, an aggravated felony of the second degree. * * *."
As to the manifest weight issue, the jury apparently credited the testimony of Carter, as well as the testimony of Brown, Niehous, and Florady. If believed, Carter's testimony established that appellant was at the scene, next to Brown's Jeep, with a baseball bat in his hand. Niehous' and Florady's testimony that there were three males near the Jeep was consistent with Carter's testimony that he, appellant, and Tony Phillips were at the scene. Brown's testimony established that two or possibly three men with bats smashed the windows of his Jeep. No defense witnesses were put on to dispute any of this testimony. Sitting as the "thirteenth juror," Thompkins, 78 Ohio St.3d at 387, we cannot say that the jury clearly "lost its way" or created a manifest miscarriage of justice in finding that the evidence supported a conviction for complicity to commit felonious assault.
Similarly, considering the same evidence, we hold that the evidence was sufficient to go to the jury on a complicity to commit felonious assault charge and to support the jury's guilty verdict. See Thompkins, 78 Ohio St.3d at 386. For all of these reasons, appellant's two assignments of error are not well-taken.
On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Mark L. Pietrykowski, J.
 James R. Sherck, J. and Peter M. Handwork, J.
CONCUR.