OPINION
{¶ 1} Defendant-appellant, Michael D. Wright, appeals his conviction and sentence in the Warren County Court of Common Pleas on one second-degree felony count of felonious assault, in violation of R.C. 2903.11(A)(1). For the reasons set forth below, we affirm appellant's conviction and sentence.
 {¶ 2} This matter arises out of an altercation that occurred on July 8, 2006 at the Lebanon Correctional Institution. At approximately 8:00 p.m., Officer Bobbie Cooper was *Page 2 
monitoring inmates in the "J Block" wing of the facility when he observed an inmate, Jaylon Smith, running towards him. Because running is prohibited, Officer Cooper instructed Smith to return to his cell. Officer Cooper also noticed that Smith was not wearing his identification card, as is required, and instructed Smith to retrieve the same from his cell. After refusing to do so, Smith took a "combative stance" toward Officer Cooper, prompting Officer Cooper to retrieve his hand cuffs and signal other officers for assistance. As he was doing so, Smith "lunged" at him, and the two became involved in a physical struggle. During the struggle, Officer Cooper was kicked from behind by a second inmate. Upon turning around, Officer Cooper observed appellant, and the two became involved in a physical altercation.
 {¶ 3} Fellow officers, Lowell Rader and Ahimansnu Mistry, arrived at the scene to assist Officer Cooper. As Officer Mistry attempted to assist Officer Cooper, appellant struck him in the jaw and he fell to the ground. At that time, Smith was engaged in an altercation with Officer Rader, who had also just arrived at the scene. Officer Rader was knocked to the ground and kicked several times in the head, chest and stomach. He sustained injuries including a loss of consciousness, memory problems, a bump on his head, a laceration near his eye, and abdominal injuries.
 {¶ 4} As a result of the incident, appellant was charged with two fifth-degree felony counts of assault with respect to Officers Cooper and Mistry, pursuant to R.C. 2903.13(A), and one second-degree felony count of aiding and abetting felonious assault with respect to Officer Rader, pursuant to R.C. 2903.11(A)(1). Appellant moved the court to sever his case from that of Smith, and to be tried separately, which the court denied on December 21, 2007. Following a jury trial on March 6 and 7, 2008, appellant was found not guilty of both assault charges, and guilty of aiding and abetting felonious assault. Appellant was subsequently sentenced to eight years in prison.
 {¶ 5} Appellant now appeals his conviction and sentence, advancing five assignments *Page 3 
of error.
 {¶ 6} Assignment of Error No. 1:
 {¶ 7} "THE TRIAL COURT IMPROPERLY DENIED THE MOTION OF DEFENDANT-APPELLANT TO SEVER HIS TRIAL FROM THAT OF SMITH[.]"
 {¶ 8} In his first assignment of error, appellant argues the trial court abused its discretion in denying his pretrial motion to sever his trial from that of his co-defendant, Jaylon Smith. We find appellant's argument without merit.
 {¶ 9} Pursuant to Crim. R. 8(A), multiple offenses may be tried jointly if the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct." State v.Cobb, Butler App. No. CA2007-06-153, 2008-Ohio-5210, ¶ 62, citingState v. Franklin (1991), 62 Ohio St.3d 118. Crim. R. 14, however, permits a court to sever the charges and grant separate trials if joinder has a prejudicial effect on the accused. Id.; State v.Diar, Slip Opinion No. 2008-Ohio-6266, ¶ 95.
 {¶ 10} To prevail on appeal of a trial court's denial of a motion for separate trials, the defendant must demonstrate that the denial of the motion was prejudicial, thereby affecting his right to a fair trial.State v. Walker (1990), 66 Ohio App.3d 518, 522; Diar. Where a defendant fails to renew his motion at the close of the state's case or at the conclusion of all the evidence, however, the defendant waives all but plain error on appeal. Id.; State v. Williams, Franklin App. Nos. 02AP-730, 02AP-731, 2003-Ohio-5204, ¶ 29. Errors otherwise waived may be considered by an appellate court under the doctrine of plain error if the error affects a substantial right. See Crim. R. 52(B). Notice of plain error pursuant to Crim. R. 52(B) must be taken with the utmost caution, only under exceptional circumstances, and only to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91,94-95. *Page 4 
 {¶ 11} In this case, the record demonstrates that appellant failed to object to the trial court's denial of his motion to sever at the conclusion of all the evidence. As a result, we review the matter under a plain error analysis. Appellant contends he was prejudiced by being jointly tried with Smith due to the complexity of the evidence present at trial, and due to Smith's self-representation. As an initial matter, we note that appellant has failed to point to any errors resulting from Smith's self-representation, and our review of the record has yielded none. We therefore find any argument as to such matter without merit.
 {¶ 12} With respect to the evidence presented at trial, our review of the record demonstrates that the evidence presented was not so complex that the jury could not differentiate the proof as to the charges against appellant and Smith. While the facts of the case involved the participation of several individuals in the subject altercation, the record demonstrates the state presented evidence as to each defendant in an orderly manner, and that the jury could distinguish the evidence as it pertained to appellant and Smith.
 {¶ 13} First, Officer Cooper testified that he became involved in an altercation with Smith after Smith refused to comply with an order to retrieve his identification card. Officer Cooper indicated that while he and Smith were engaged in a physical struggle, another inmate kicked him from behind. While Officer Cooper testified he did not see who kicked him, he testified that when he turned around, he observed appellant and began "exchanging offensive and defensive blows" with appellant. Officer Cooper testified that he also observed appellant strike Officer Mistry during the altercation.
 {¶ 14} Officer Rader also testified at trial, indicating that he observed the initial altercation between Smith and Officer Cooper. Officer Rader testified that he attempted to assist Officer Cooper, and that during the struggle, he fell or was knocked to the ground. He indicated that while he was on the ground, he observed Smith standing over him, kicking him in his head and chest. *Page 5 
 {¶ 15} Finally, Officer Mistry testified concerning his involvement in the altercation. He indicated that he observed Smith and Officer Cooper engaged in a physical struggle and attempted to pull Smith off of Officer Cooper. In doing so, he fell to the ground, and when he got up, he observed appellant "squared up on" him. He testified that appellant hit him in the jaw at that point, knocking him to the ground.
 {¶ 16} Notably, Ohio State Highway Patrol Trooper Rick Blyberg also testified concerning his investigation of the incident. He testified that he interviewed appellant, who told him that he heard a commotion while he was in the "day room" of the facility. He indicated that he went to see what the commotion was, and observed Officer Cooper on top of Smith, who is his cousin. Appellant indicated that he attempted to pull Officer Cooper off of Smith, at which point other officers arrived to assist. He admitted to Trooper Blyberg that "there were some fist[s] being thrown," and that he did strike one officer.
 {¶ 17} Based upon the eye-witness accounts of the witnesses, as well as Trooper Blyberg's testimony as to appellant's statements, the jury was presented with evidence as to the role each defendant played in the altercation. Moreover, the record demonstrates that the trial court instructed the jury that both Smith and appellant were "charged with felonious assault," but that appellant was "charged on this offense as an aider and abetter of [Smith]. Aided or abetted means supported, assisted[,] encouraged, cooperated with, advised or incited." As a result, and contrary to appellant's contention, we find no indication in the record that the jury "lumped" appellant together with Smith in reaching its verdict.
 {¶ 18} Based upon the foregoing, we find appellant has failed to demonstrate he was prejudiced by the joinder of his trial with that of Smith, and therefore, we find no plain error as to this matter. Appellant's first assignment of error is overruled accordingly.
 {¶ 19} Assignment of Error No. 2:
 {¶ 20} "[APPELLANT] WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF *Page 6 
TRIAL COUNSEL AND OF DUE PROCESS IN VIOLATION OF HIS RIGHTS UNDER THESIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND CORRESPONDING PROVISIONS OF THE OHIO CONSTITUTION[.]"
 {¶ 21} In his second assignment of error, appellant argues his trial counsel was ineffective in failing to obtain a bill of particulars, and thus, failing to adequately prepare for the state's arguments at trial. We find this contention without merit.
 {¶ 22} To demonstrate ineffective assistance of counsel, a defendant must establish that his counsel's representation fell below an objective standard of reasonableness, and prejudice resulting from counsel's deficient performance. Strickland v. Washington (1984), 466 U.S. 668,687-691, 104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136,141-143. "Reversal of a conviction for ineffective assistance of counsel `requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by theSixth Amendment.'" State v. Hand, 107 Ohio St.3d 378, 2006-Ohio-18, ¶ 199, quoting Strickland at 687. In addition, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland at 694.
 {¶ 23} "Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance."State v. Carver, Montgomery App. No. 21328, 2008-Ohio-4631, ¶ 112, citing Strickland at 689. "Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel." Id.
 {¶ 24} Appellant argues his trial counsel was ineffective in failing to obtain a bill of particulars, leading to a lack of preparation at trial as to the state's argument that appellant *Page 7 
aided and abetted Smith in assaulting Officer Rader. Appellant contends that while counsel did request a bill of particulars prior to trial, counsel never received one and failed to "make an issue of this matter prior to trial."
 {¶ 25} "The purpose of a bill of particulars is not to disclose the state's evidence but to state specifically the nature of the offense charged." State v. Payne (Aug. 16, 1989), Montgomery App. No. 11106,1989 WL 94548, *6, citing State v. DeRighter ( 1945), 145 Ohio St. 552. Ohio courts have previously held that where failure to produce information, such as a specific time or date when the alleged criminal conduct occurred, "is without material detriment to the preparation of a defense, the omission is not prejudicial." Id., citing State v.Sellards (1985), 17 Ohio St.3d 169.
 {¶ 26} In this case, the record demonstrates that appellant was indicted on one count of felonious assault. While the indictment did not indicate the state was pursuing an accomplice theory of liability, the Ohio Supreme Court has held that "a defendant charged with an offense may be convicted of that offense upon proof that he was complicit in its commission, even though the indictment `is stated * * * in terms of the principal offense' and does not mention complicity." State v.Herring, 94 Ohio St.3d 246, 251, 2002-Ohio-796. R.C. 2923.03(F), which provides that "[a] charge of complicity may be stated in terms of this section, or in terms of the principal offense," "adequately notifies defendants that the jury may be instructed on complicity, even when the charge is stated in terms of the principal offense." Id.
 {¶ 27} Based upon the foregoing, appellant has failed to demonstrate how he would have defended the case differently had he received a bill of particulars specifying that the sate was pursuing an accomplice theory of liability as to the felonious assault charge. Moreover, our review of the record has yielded no evidence indicating appellant was prejudiced by his counsel's failure to "make an issue" out of the state's failure to respond to his request for a bill *Page 8 
of particulars, or that counsel's decision not to pursue the matter was anything other than trial strategy. As a result, we find appellant's claim of ineffective assistance of counsel without merit. Appellant's second assignment of error is overruled accordingly.
 {¶ 28} Assignment of Error No. 3:
 {¶ 29} "THE TRIAL COURT FAILED TO PROPERLY INSTRUCT THE JURY WITH REGARD TO ACCOMPLICE TESTIMONY[.]"
 {¶ 30} In his third assignment of error, appellant argues the trial court erred in failing to instruct the jury with respect to Smith's testimony at trial that "other inmates" may have been responsible for the assault on Officer Rader. We find appellant's argument without merit.
 {¶ 31} Pursuant to R.C. 2923.03(D):
 {¶ 32} "If an alleged accomplice of the defendant testifies against the defendant in a case in which the defendant is charged with complicity in the commission of or an attempt to commit an offense, an attempt to commit an offense, or an offense, the court, when it charges the jury, shall state substantially the following:
 {¶ 33} "The testimony of an accomplice does not become inadmissible because of his complicity, moral turpitude, or self-interest, but the admitted or claimed complicity of a witness may affect his credibility and make his testimony subject to grave suspicion, and require that it be weighed with great caution.
 {¶ 34} "It is for you, as jurors, in the light of all the facts presented to you from the witness stand, to evaluate such testimony and to determine its quality and worth or its lack of quality and worth."
 {¶ 35} The state concedes that the foregoing instruction should have been given to the jury in this case. Nevertheless, the state argues, and the record supports, that appellant failed to object at trial to the court's jury instructions, thereby waiving all but plain error on appeal. State v. Mobus, Butler App. No. CA2005-01-004, 2005-Ohio-6164, ¶ 30. Ohio courts *Page 9 
have previously found a trial court's failure to give accomplice instructions to be harmless error where defense counsel fails to request the instruction at trial and significant other evidence is introduced at trial to support the defendant's conviction. See City of ClevelandHeights v. Riley (May 20, 1999), Cuyahoga App. No. 74101,1999 WL 328716, at *4-5.
 {¶ 36} Appellant alleges he was prejudiced by the court's failure to instruct the jury in accordance with R.C. 2923.03(D) after Smith testified on his own behalf at trial. Specifically, appellant contends the following testimony presented by Smith was prejudicial: "I don't know if I did it or whoever did it, it was like 23 other guys in the day room at the time and other people walking into the shower. It was inmates everywhere. I don't know if I did it or not, but normally in my right mind I wouldn't have did that to that guy."
 {¶ 37} We find appellant has failed to demonstrate how he was prejudiced by the trial court's failure to instruct the jury concerning such remarks, as other evidence was presented at trial to prove appellant aided and abetted the felonious assault of Officer Rader. As an initial matter, Officer Rader testified that he saw Smith standing over him during the altercation, kicking him in his head and chest. He testified that he sustained serious injuries as a result, including a loss of consciousness, a facial laceration, and abdominal injuries.
 {¶ 38} Moreover, it was undisputed at trial, and remains undisputed on appeal, that appellant was present when the subject altercation occurred. Appellant admitted his involvement in the altercation to Trooper Blyberg, stating that he attempted to pull Officer Cooper off of Smith, and that when other officers arrived to assist, "there were some fist[s] being thrown." Appellant admitted that he struck one officer during the incident, and Officer Mistry testified that appellant struck him in the jaw as he was attempting to assist Officer Cooper.
 {¶ 39} Contrary to appellant's suggestion, the state was not required to prove that appellant personally assaulted Officer Rader, as the state argued at trial that appellant aided *Page 10 
and abetted Smith in assaulting Officer Rader. Based upon the foregoing evidence, the jury could reasonably conclude that appellant aided Smith in the felonious assault of Officer Rader. Accordingly, we find appellant has failed to demonstrate he was prejudiced by the trial court's failure to provide the jury with an accomplice instruction. We therefore find no plain error as to this matter, and overrule appellant's third assignment of error.
 {¶ 40} Assignment of Error No. 4:
 {¶ 41} "THERE IS INSUFFICIENT EVIDENCE TO SUPPORT THE CONVICTION FOR FELONIOUS ASSAULT AND THE JURY VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]"
 {¶ 42} In his fourth assignment of error, appellant argues his conviction for aiding and abetting the felonious assault of Officer Rader is not supported by sufficient evidence and is against the manifest weight of the evidence. We disagree.
 {¶ 43} In reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would support a conviction. State v. Wilson, Warren App. No. CA2006-01-007,2007-Ohio-2298, ¶ 33. "In reviewing a record for sufficiency, `the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" State v. Haney, Clermont App. No. CA2005-07-068,2006-Ohio-3899, ¶ 14, quoting State v. Tenace, 109 Ohio St.3d 255,2006-Ohio-2417, ¶ 37. Further, in considering the sufficiency of the evidence, a reviewing court must give "full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson v. Virginia (1979), 443 U.S. 307, 319,99 S.Ct. 2781. See, also, State v. White, Franklin App. No. 06AP-607,2007-Ohio-3217, ¶ 26. A reviewing court must not substitute its evaluation of the witnesses' credibility for that of the *Page 11 
jury. See State v. Benge, 75 Ohio St.3d 136, 143, 1996-Ohio-227.
 {¶ 44} While the test for sufficiency requires a determination as to whether the state has met its burden of production at trial, a manifest weight challenge concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. Wilson, 2007-Ohio-2298 at ¶ 34. In determining whether a conviction is against the manifest weight of the evidence, the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id.
 {¶ 45} In such a review, an appellate court considers the credibility of the witnesses and the weight to be given the evidence. State v.Walker, Butler App. No. CA2006-04-085, 2007-Ohio-911, ¶ 26. These issues, however, are primarily matters for the trier of fact to decide, as the trier of fact is in the best position to judge the credibility of the witnesses and the weight to be given the evidence presented. Id., citing State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The discretionary power to overturn a conviction based on the manifest weight of the evidence is to be invoked only in those extraordinary circumstances to correct a manifest miscarriage of justice where the evidence presented weighs heavily in favor of acquittal. Id. at ¶ 25, citing State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52.
 {¶ 46} In this case, appellant was charged with aiding and abetting the felonious assault of Officer Rader. Pursuant to R.C. 2903.11(A)(1), "[n]o person shall knowingly * * * [c]ause serious physical harm to another * * *." R.C. 2923.03(A)(2) provides that "[n]o person, acting with the kind of culpability required for the commission of an offense, shall * * * [a]id or abet another in committing the offense * * *." "To `aid' is to assist and to `abet' is to incite or *Page 12 
encourage. Mere approval or acquiescence, without expressed concurrence or the doing of something to contribute to an unlawful act, is not an aiding or abetting of the act. * * * [I]n order to aid or abet, whether by words, acts, encouragement, support or presence, there must be something more than a failure to object unless one is under a legal duty to object." State v. Stepp (1997), 117 Ohio App.3d 561, 568-569. (Internal citations omitted.)
 {¶ 47} "The state may demonstrate that an accused is guilty of aiding and abetting by direct or circumstantial evidence. * * * Participation in criminal intent may be inferred from presence, companionship and conduct before and after the offense is committed." Id. (Internal citations omitted.)
 {¶ 48} As previously discussed, the state presented evidence, including the testimony of the officers involved in the incident, describing the events that transpired. Officer Cooper testified that, as he was engaged in a physical struggle with Smith, another inmate kicked him from behind. He indicated that when he turned around, he observed appellant, and that the two began "exchanging offensive and defensive blows." Officer Cooper also testified that he observed appellant strike Officer Mistry during the altercation.
 {¶ 49} Further, Officer Rader testified that after witnessing the altercation, and as he was attempting to assist Officer Cooper, he was knocked to the ground. He then observed Smith standing over him, kicking him in his head and chest. Officer Rader testified that he sustained serious injuries as a result, including a loss of consciousness, a facial laceration, and abdominal injuries.
 {¶ 50} As previously noted, Officer Mistry testified that as he was attempting to assist Officer Cooper, he fell to the ground and was later struck in the jaw by appellant. Moreover, Trooper Blyberg testified that appellant told him that he attempted to pull Officer Cooper off of Smith after witnessing the commotion. Appellant also admitted to Trooper Blyberg that "there were some fist[s] being thrown," and that he did strike one officer. *Page 13 
 {¶ 51} We find the foregoing evidence, if believed, was sufficient to prove that appellant aided and abetted Smith in the felonious assault of Officer Rader. Based upon such evidence, a reasonable juror could conclude that appellant assisted Smith by occupying Officers Cooper and Mistry, leaving Smith free to engage Officer Rader, and that Officer Rader sustained serious injuries as a result of the incident.
 {¶ 52} Moreover, based upon the evidence presented at trial, we cannot say the jury clearly lost its way or created a manifest miscarriage of justice in finding appellant guilty of aiding and abetting felonious assault. We therefore find appellant's assignment of error as to this issue without merit, and overrule the same accordingly.
 {¶ 53} Assignment of Error No. 5:
 {¶ 54} "THE TRIAL COURT IMPROPERLY IMPOSED THE MAXIMUM PENALTY[.]"
 {¶ 55} Finally, appellant argues the trial court abused its discretion in imposing the maximum sentence where Smith's involvement in the incident was "of more significance" than appellant's. Such argument is without merit.
 {¶ 56} The Ohio Supreme Court has held that trial courts "have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, ¶ 100. "In applyingFoster * * *, appellate courts must apply a two-step approach. First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." State v. Kalish, 120 Ohio St.3d 23,2008-Ohio-4912, ¶ 4.
 {¶ 57} In this case, the record demonstrates that appellant's sentence is not contrary to law, as the trial court expressly stated that it considered the purposes and principles of *Page 14 
sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12. Moreover, the record demonstrates the trial court properly applied postrelease control, and sentenced appellant to a prison term within the statutory range for the offense in question. See id. at ¶ 18; R.C. 2929.14.
 {¶ 58} In addition, after reviewing the record, we find no abuse of discretion in the trial court's sentencing decision. The trial court considered the serious nature of the injuries sustained by Officer Rader, as well as the fact that appellant was serving a substantial prison sentence for a "serious felony" and "committed another serious felony during the course of [his] confinement." In light of such facts, and after reviewing the record, we find no indication the court acted unreasonably, arbitrarily, or unconscionably in imposing a maximum sentence. See Kalish at ¶ 19-20. Appellant's sixth assignment of error is therefore overruled.
 {¶ 59} Judgment affirmed.
 WALSH, P.J., and YOUNG, J., concur. *Page 1