JOURNAL ENTRY AND OPINION
Defendant-appellant Joseph Phillips (appellant) appeals his conviction for involuntary manslaughter.
Appellant assigns the following errors for review:
 I. THE TRIAL COURT ERRED WHEN IT AMENDED JOSEPH PHILLIPS' INDICTMENT TO MAKE HIM A PRINCIPLE (SIC) RATHER THAN AN AIDER AND ABETTOR.
 II. THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM PRISON TERM.
Finding the appeal to lack merit, the judgment of the trial court is affirmed.
 I.
Shortly after 2:00 a.m. on November 6, 1998, Anthony Stumpf and his friends exited the Crazy Horse Saloon in Cleveland. Appellant, who also had patronized the establishment that night, held the door for the group as they left. Outside, appellant's friends were inhaling helium from a balloon to change their voices for their amusement. Craig and Tammi Mattingly, Stumpf's friends, were the first to encounter one of appellant's associates, Eric Thomas. Thomas became irrate, asking who had told him to shut-up. Thomas began taking objects from his pockets and throwing down his backpack, apparently in anticipation of a physical fight. Appellant went up to Stumpf and looked Stumpf in the eye before walking away.
Thomas approached Stumpf and his girlfriend, Erin Dmitriev. Dmitriev pushed Thomas to one side in an effort to walk past him. Thomas responded by hitting Dmitriev in the face. Appellant returned to Stumpf and hit Stumpf in the face. A melee ensued, with at least three different altercations taking place between the two groups.
Four men ganged up on Stumpf. Two men held his arms while Skender Kajoshaj and appellant hit Stumpf, primarily in the face and head. There came a lull in the fighting after Dmitriev briefly pulled appellant away from Stumpf. Appellant freed himself by punching Dmitriev in the face. Stumpf leaned up against a car, dizzy, shaken, and bleeding. The fighting resumed. Stumpf was struck and he fell to the ground. Stumpf was unconscious and had difficultly breathing. Stumpf was taken to the hospital by ambulance but never regained consciousness. He was pronounced dead at 2:45 p.m. on November 6, 1998, after no brain function was in evidence.
Stumpf suffered from several injuries to his face and head, including numerous bruises in that area. A skull fracture extended for eight inches through the center of his head, showing a separation of the bones in the back. Another fracture was discovered at the base of his skull. There was bruising inside his entire scalp. Hemorrhaging and swelling occurred in his brain. The coroner ruled Stumpf's death a homicide.
The grand jury indicted appellant for one count of involuntary manslaughter and four counts of felonious assault. Before trial, the prosecution nolled two of the felonious assault charges. The jury returned a verdict of guilty on the involuntary manslaughter count but not guilty for the remaining two counts of felonious assault.
 II.
In his first assignment of error, appellant contends the trial court erred when it amended the indictment to charge him as the principal rather than as an aider and abettor. Appellant argues the amendment changed the nature of the charged crime, transforming his role to that of the actual perpetrator instead of an aider and abettor.
The grand jury indicted appellant for causing Stumpf's death and that the death was the proximate result of Timothy Snider committing or attempting to commit a felony. Before trial, the prosecution asked the trial court to amend the indictment to replace Snider's name with the words the defendant.
Crim.R. 7(D) permits a trial court to amend an indictment at any time before, during, or after trial, provided the name or identity of the crime charged is not changed. R.C. 2923.03(F) provides that any person who is guilty of complicity will be prosecuted and punished as if he were a principal offender. A charge of complicity may be stated in terms of the principal offense or in terms of the complicity statute. This statute put appellant on notice that evidence could be presented that he was either a principal offender or an aider and abettor. State v. Ensman (1991), 77 Ohio App.3d 701. Whether a defendant is tried for the crime as a principal or as an accomplice does not alter the name or identity of the crimes charged. State v. Cruz (Feb. 27, 1998), Fulton App. No. F-97-023, unreported. It is inconsequential that a defendant was actually indicted and prosecuted under the principal offense rather than under the complicity statute. State v. Tumbleson (1995), 105 Ohio App.3d 693.
The amendment in question did not change the name or identity of the charged crime. Therefore, the trial court was permitted to amend the indictment by substituting the words the defendant for Snider's name.
Appellant's first assignment of error lacks merit.
 III.
Appellant's second assignment of error challenges the trial court's imposition of the maximum prison term for involuntary manslaughter. Appellant maintains the trial court did not give adequate reasons for imposing the maximum term of incarceration. Appellant argues he was not a repeat violent offender, had no previous criminal record, and just was a participant in a fight outside a bar.
R.C. 2953.08(G)(1)(a) provides:
 The court hearing an appeal of a sentence under division (A) or (B)(1) or (2) of this section may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
(a) That the record does not support the sentence.
Pursuant to R.C. 2953.08(G)(1)(a), an appellate court may only reverse a sentence if it finds by clear and convincing evidence that a sentence is not supported by the record. State v. Owens (Nov. 24, 1999), Cuyahoga App. No. 75434, unreported.
R.C. 2929.14(C) permits a trial court to impose the maximum sentence if, inter alia, it finds the defendant committed the worst form of the offense. In order to lawfully impose the maximum term for a single offense, the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria set forth in R.C. 2929.14(C). State v. Edmonson (1999), 86 Ohio St.3d 324,329.
The trial court determined appellant committed the worst form of involuntary manslaughter. That finding is supported by the record before this court. Appellant stood before Stumpf and viciously beat the victim about the face and head while Stumpf was restrained by two other men. Stumpf's injuries were grievous. Stumpf suffered from two extensive skull fractures, the entire inside of his scalp was bruised, the bones along part of one of the fractures showed separation caused by the force of the blows, and he experienced swelling and hemorrhaging from the numerous blows inflicted by appellant and his friend. Further, the fight ebbed at one point. Appellant could have left. Instead, he resumed beating the obviously injured Stumpf. The crime was vicious. The evidence adduced at trial supports, by the clear and convincing standard, the imposition of the maximum sentence allowed by law.
Appellant's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, P.J. and ANNE L. KILBANE, J. CONCUR.
 ____________________ LEO M. SPELLACY JUDGE